PAUL DUNCAN v. THE STATE.

No. 4501.    Decided January 20, 1909.

**1.—Assault to Murder—Motion for New Trial.**

Where the motion for new trial in a conviction for assault to murder declaring the jury convicted defendant because the punishment assessed was milder than fining him for aggravated assault was not borne out by the record, there was no error.

**2.—Same—Charge of Court—Exception too General.**

Upon appeal from a conviction of assault to murder where the ground in the motion for new trial did not point out any specific error of the court it could not be considered.

**3.—Same—Specific Intent to Kill.**

The fact that the assault may have been from a rash and inconsiderate impulse, will not make the assault less an assault with intent to murder; and to reduce the offense to aggravated assault the testimony must raise the issue of adequate cause, and this is a question for the jury.

Appeal from the District Court of Travis. Tried below before the Hon. Charles A. Wilcox.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Travis County, Texas, on a charge of assault with intent to murder one Hays Wicks. On trial he was convicted, and his punishment assessed at confinement in the penitentiary for a period of two years.

The testimony shows that Hays Wicks was a man well advanced in years and was almost completely blind and unable to distinguish persons or objects. The appellant was a young man, weighing about one hundred and ninety pounds. The evidence showed that appellant struck Wicks with a knife three or four inches long about the ear, inflicted an almost fatal wound. On the trial he pleaded self-defense and became a witness in his own behalf in support of his plea.

1. The motion for a new trial contains, among other grounds urged for reversal, that the jury did not assess defendant's punishment at two years in the penitentiary because he was guilty of assault to murder, but because they agreed that was a milder punishment than fining him for aggravated assault. We find no basis in the proceedings to justify this conclusion.

2. The third ground of the motion is, "because the court did not give all the law of the case to the jury." And the fourth ground is, "because the court erred in each and every paragraph of its charge." These grounds are so general as that they ought not and can not be considered. They point out no error, nor is it averred in the motion in what respect the court did not give all the law of the case, or wherein the supposed error consisted. It is well settled that these general grounds can not be considered.

3. The second ground of the motion is that the verdict of the jury is contrary to and unsupported by the evidence, because it appears that the blow was suddenly made without deliberation or specific intent of any kind, and for the reason that the evidence shows that after this blow was struck and the injured party immediately got up and walked off, that appellant did not follow up and attempt to complete a specific intent to kill but desisted, though nothing prevented him from continuing the assault to the death. These matters were proper to be considered by the jury in arriving at their verdict, and in determining whether or not appellant was guilty of the

grade of offense charged against him; but, in the light of the finding of the jury, they are not of such conclusive character as to justify us in overturning their verdict. The fact that the assault may have been from a rash and inconsiderate impulse will not make the assault less an assault with intent to murder. In order to reduce the offense to aggravated assault, the testimony must have raised the issue, and the jury must have believed that there was adequate cause for such anger, rage or resentment, rendering the mind incapable of cool reflection as the law demands. There were a number of special charges asked by appellant, none of which we think are correct, except as to the third, and this was, as we believe, substantially given in the charge of the court. We deem it unnecessary to protract the opinion so as to include a full recital of these charges. They have been carefully examined, and we think there is no error in respect to them.

We think, in view of the condition of Wicks and in the light of all the circumstances, there can be no sort of doubt of appellant's guilt. The record seems to be free from any error, and it must result that the judgment of conviction should be affirmed, which is done.

*Affirmed.*