## OSCAR HOLMES v. THE STATE.

### No. 4366.    Decided February 10, 1909.

**1.—Same—Local Option—Conflict of Testimony.**

Where upon trial for a violation of the local option law there was a direct conflict in the evidence, between that of the State and that of the defendant, it was a question for the jury, and the verdict will not be disturbed.

**2.—Same—Elections—Repeal.**

A subsequent election to the one under which defendant was prosecuted, which also resulted in local option, did not repeal the former local option law, and could not be pleaded in defense of the prosecution under the first law. Following Massie v. State, 52 Texas Crim. Rep., 548; Wade v. State, 52 Texas Crim. Rep., 608.

**3.—Same—Motion for New Trial.**

A ground in a motion for new trial complaining of the charge of the court must point out specifically the defects of the charge, and the complaint that the court erred in the 4 of the charge was entirely too general and indefinite.

Appeal from the County Court of Montague. Tried below before the Hon. Geo. S. March.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at a fine of $50 and twenty days imprisonment in the county jail.

There is a direct conflict in the evidence. The State's witness swears positively to having bought a pint of whisky from appellant for which he paid him seventy-five cents. The evidence is rather cogent for appellant, showing that he did not sell or even have any whisky at the time indicated. This only shows a conflict in the evidence which was settled by the jury. The information alleges that the prosecution was brought under an election held in 1904, putting local option into effect in Montague County. Appellant offered and introduced in evidence the election of 1906. This also resulted favorably for the local option law. Appellant's contention is that the second election, although favorable to the law, repealed the election of 1904, and that this prosecution should have been under the last election. We have decided this matter adversely to appellant in the cases of Massie v. State, 52 Texas Crim. Rep., 548, and Wade v. State, 52 Texas Crim. Rep., 608.

Appellant's third ground of his motion for a new trial is thus stated: "Because the court erred in the 4 of the charge." If that is intended to point out a subdivision or paragraph of the charge, then it would be entirely too indefinite and general to indicate to the court the criticism sought to. be imposed upon it, and it does not undertake to point out the defect of the charge. We have held that an exception of this character is entirely too general to require the court to review it.

As the record is presented, the judgment will be affirmed.

*Affirmed.*