### ORAN JONES v. THE STATE.

No. 595.   Decided May 11, 1910.

Rehearing granted June 15, 1910.

**1.—Theft of Cattle—Evidence—Part of Conversation.**

Where, upon trial of theft of cattle, defendant's counsel brought out a part of the conversation of third parties, there was no error in permitting the State to bring out the remainder of the conversation; besides the objection that defendant was absent was not properly presented by the bill of exceptions.

**2.—Same—Charge of Court—Accomplice Testimony.**

Where, upon trial of theft of cattle, the charge of the court on accomplice testimony was in substantial accord with the approved form, except that the jury were not instructed that as a matter of law the witness was an accomplice, there was no error.

**3.—Same—Charge of Court—General Objection.**

Where, upon appeal from a conviction of theft of cattle, the complaint to the charge of the court was not pointed out, the same could not be considered; besides there was no error in the charge.

**4.—Same—Charge of Court—Circumstantial Evidence.**

It is never proper for a court to charge on circumstantial evidence, except in cases where the testimony is wholly circumstantial.

**5.—Same—Requested Charge—Accomplice Testimony.**

Where, upon trial of theft of cattle, it appeared from the evidence that if the testimony of the accomplice was eliminated, the other evidence in the case connecting the defendant with the commission of the offense was insufficient, the court erred in not having submitted defendant's special instruction that if the jury found that the State's witness was an accomplice, to acquit the defendant.

Appeal from the District Court of Montgomery. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. McDonald* and *Nugent & McMahon* and *W. N. Foster,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—By indictment filed in the District Court of Montgomery County on the 21st day of January, 1908, appellant was charged with theft of one head of cattle, the property of one G. W. Evans. At a trial had in said county on the 13th day of January, 1910, he was by the jury found guilty as charged, and his punishment assessed at confinement in the penitentiary for two years.

The testimony fairly well identifies the animal in question as the property of Evans. Joe Brandon testifies that he bought the animal from appellant, who found same in a field or pasture, and put a

rope on it and delivered it to him. It seems that appellant claimed only half interest in the property, for which Brandon gave him $3.50. The defendant introduced in evidence an indictment against Brandon for the theft of the same property, and proved a good reputation for honesty and fair dealing by a number of witnesses. Further than this, there was no proof offered in his behalf. There were a number of other matters put in evidence by the State, but the above general statement will be sufficient to illustrate the matters discussed.

1. We find in the record a bill of exception calling in question the action of the court in admitting certain testimony of the witness Brandon. It appears that he was asked if he had not seen Joe Pierson on or about Thursday evening before he killed this yearling, and if he did not tell Pierson about finding his beef, and there was some considerable conversation touching the yearling, and, among other things, to the effect that Pierson said to him that he thought he could buy appellant's interest in it because he had no time to handle it, and that he believed it could be bought for $3.50. This was objected to for the reason that it was not shown that appellant was present at said conversation, and that he was not bound thereby, and for the further reason there was nothing in the cross-examination to authorize the introduction of any statement that Pierson made to the witness at that time. There is no statement as a fact or finding by the court that appellant was not present when this conversation was had. It also shows that part of this conversation between the witness Brandon and Pierson was brought out by counsel for appellant. This being true, the remainder of the conversation was admissible, and the State was authorized to put into the case the whole of the conversation, a part of which had been introduced by appellant. Again, as stated, the mere statement, as a ground of objection, that appellant was absent, is not equivalent to a finding of fact that in truth he was not present. As presented, the bill is without merit.

2. The court's charge on the subject of accomplice is criticised and claimed to be not in compliance with the law. This charge is as follows: "You are further instructed that a conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense.

"An accomplice, as the word is here used, means anyone connected with the crimes charged, either as principal, accomplice or accessory. It includes all persons who are connected with the crime by unlawful act or omission on their part, transpiring either before, at the time of, or after the commission of the offense, and whether or not they were present and participated in the commission of the crime. Now, if you are satisfied from the evidence that the witness Joe Brandon

was an accomplice, or you have a reasonable doubt as to whether he was or not, as that term is defined in the foregoing instructions, then you are instructed that you can not find the defendant guilty upon Joe Brandon's testimony unless you first believe that the testimony of said Joe Brandon is true, and that it connects the defendant with the offense charged, and unless you further believe that there is other evidence in the case, outside of the testimony of Joe Brandon, corroborating and tending to connect the defendant with the commission of the offense charged."

This charge is in substantial accord with the form approved by this court in the case of Campbell v. State, 57 Texas Crim. Rep., 301, 123 S. W. Rep., 583, except that the jury were not instructed that as a matter of law Brandon was an accomplice. We think it very doubtful indeed whether he was an accomplice, and the evidence sustaining this issue was slight and fragmentary.

3. There are some other complaints of the charge of the court, but they are of the most general character and do not point out the particular error which is the subject of complaint. Under the authority of Duncan v. State, 55 Texas Crim. Rep., 168, and Holmes v. State, 55 Texas Crim. Rep., 331, if in fact the charge was erroneous, we could not, in view of these general complaints, review same. We may say, however, we have examined the charge of the court, and think that it is an accurate presentation of the law.

4. Again, complaint is made that the court erred in not charging the law of circumstantial evidence. It would have been, we think, manifestly improper for the court to have given this charge. The testimony was not wholly circumstantial. Brandon's testimony directly raised the issue of appellant's guilt in that it showed the disposition of the property, and that appellant had himself come into actual possession of same and delivered actual possession thereof to him. It is never proper for a court to charge on circumstantial evidence except in cases where the testimony is wholly circumstantial.

5. Again, complaint is made that the court erred in refusing to give a special charge asked by appellant to the effect, in substance, that if the jury should believe from the evidence that Brandon was an accomplice, that they should acquit appellant. This charge should not have been given, because there is some evidence, and we think sufficient evidence of corroboration in the record to sustain the conviction even if it should have been found, as a matter of fact, or the court should have instructed the jury as a matter of law, that Brandon was an accomplice. So far as we can tell from the record, appellant seems to have been fairly tried, and none of the questions raised by his able counsel are of such moment as either to require or to justify us in reversing the judgment.

The judgment is therefore in all things affirmed.

*Affirmed.*

June 15, 1910.

RAMSEY, Judge.—We have been convinced by the argument filed in behalf of appellant in his motion for rehearing that we were in error in affirming this case. There was, as stated in the opinion, some evidence that the witness Brandon was an accomplice, and sufficient evidence to make this an issue before the jury. True, it would remain for them to determine whether he was an accomplice or not. If they should have concluded that he was not an accomplice, then undoubtedly the evidence was sufficient to sustain the conviction. If on the other hand they should have believed, under a fair submission of the issue, that he was an accomplice, then there was not, we think, on a more careful examination of the record, sufficient evidence of corroboration to sustain a verdict of guilt. It was in this state of the record that appellant requested a charge to the effect, in substance, that if they found and believed from the evidence that Brandon was an accomplice, then they would return a verdict of not guilty for the reason that there was not in the record sufficient evidence of corroboration to justify a conviction. In this case Brandon testifies, among other things, that the animal alleged to have been stolen was caught in what is known as Gay's hay field, and that he went there with Jerry Pierson and defendant, and that as they went through the lane between Gay's and Smith's place they met one George Terry at a gate, and that at this time witness was riding a bay horse, Pierson was riding a sorrel horse, and defendant was riding a grey horse, and that as they were going for the beef they also met a man named Brantly and two women opposite to where one Toliver lived. Brantly was introduced, who testified that he knew appellant, and that on the night in question he met three persons near Gay's lane between 9 and 10 o'clock at night, but that he did not recognize either of them. Neither of the two women who, according to Brantly's testimony, were with him, were put on the stand. George Terry testified he saw three people near the place named by Brandon; that he recognized Brandon and Jerry Pierson, and that he saw someone else, but did not recognize who it was; that this person was about fifty yards off and had a yearling or cow in front of him. That this testimony shows that someone was with Brandon and Pierson, near where the cow was taken, is not to be denied, but who was this person? Terry testifies that the man whom he did not recognize was riding either a white, grey or light colored horse. It was shown that about this time appellant had or used such a horse, but it was also shown that Mr. Berkley, a very reputable white man in the neighborhood, during this time, had a grey horse, and that he rode it frequently. The rule seems to be, as stated by Judge Hurt, "The accomplice may state any number of facts, and these may all be corroborated by the evidence of other witnesses;

still, if the facts thus corroborated do not tend to connect the defendant with the crime, or if they do not point pertinently to the defendant as the guilty party or as a participant, this would not be such corroboration as is required by the Code." Welden v. State, 10 Texas Crim. App., 400. So that if we should eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witnesses with a view of ascertaining if there be. inculpatory evidence, that is, evidence tending to connect appellant with the offense, there would seem to be an utter lack of such testimony. We are reluctant to reverse a case where the verdict has received the approval of the trial court, but we doubt if, under the law, we would be justified in sustaining this verdict, and think it would be establishing an unsafe precedent so to do. Simms v. State, 8 Texas Crim. App., 230; Gillian v. State, 3 Texas Crim. App., 132; Roberts v. State, 44 Texas, 119; Hoyle v. State, 4 Texas Crim. App., 239; Chambers v. State, 44 S. W. Rep., 495; Johnson v. State, 32 S. W. Rep., 1041; Moore v. State, 47 Texas Crim. Rep., 410, 83 S. W. Rep., 1117; Martin v. State, 21. Texas Crim. App., 1, 17 S. W. Rep., 430.

For the reason above mentioned the motion for rehearing is granted, the judgment of conviction is set aside, and the cause now reversed and remanded.

*Reversed and remanded.*