JACK MANSFIELD, ALIAS ELISHA MANSFIELD, v. THE STATE.

No. 1119. Decided April 12, 1911.

Rehearing Denied June 21, 1911.

**1.—Murder—Statement of Facts—Filing.**

Where the court continues eight weeks or longer the statute requires the statement of facts to be filed within thirty days from the time of the final judgment which is the sentence. However, where it was not defendant's fault in not filing the statement in time the case will be heard on its merits.

**2.—Same—Practice on Appeal—Charge of Court.**

An objection in the motion for new trial that the court should have charged on manslaughter is too general to be considered on appeal.

**3.—Same—Insult to Female Relative—First Meeting.**

Where, upon trial of murder, the evidence showed that the killing did not take place at the first meeting of defendant and deceased after the insult was communicated to defendant, but at a subsequent meeting, the court did not err in not submitting a charge thereon.

**4.—Same—Charge of Court—Defense of Property.**

Where, upon trial of murder, the evidence showed that the deceased took a cigar from defendant at which the latter became offended, went away, armed himself, returned, threw down some money and challenged deceased to take it, and upon the latter reaching out to get it, shot the deceased, there was no error in the court's failure to charge on the defense of property.

**5.—Same—Practice on Appeal—Weight of Evidence—Charge of Court.**

An objection that the charge of the court as a whole is upon the weight of the evidence is entirely too general, besides the charge was not on the weight of the evidence.

**6.—Same—Sufficiency of the Evidence—Charge of Court.**

Where the evidence sustained the conviction of murder in the first degree, and the court charged on both degrees of murder, there was no reversible error.

Appeal from the District Court of Jefferson. Tried below before the Hon. W. H. Pope.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*B. E. Moore,* for appellant.—On question of manslaughter: Halliburton v. State, 32 Texas Crim. Rep., 51; Cochran v. State, 28 Texas Crim. App., 422; Jones v. State, 33 Texas Crim. Rep., 492.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of murder in the first degree, his punishment being assessed at confinement for life.

There are no bills of exception in the record, and the matters in the motion for a new trial can not be considered without the statement of facts as they pertain to the charge given by the court.

The court met on the 2d day of May and adjourned on the 17th of September. Appellant was sentenced on the 18th of May. The statement of facts was filed on the 10th of October, nearly thirty days after adjournment of the court. Where the court continues eight weeks or longer, the statute requires the statement of facts to be filed within thirty days from the time of the final judgment, which is the sentence. Under this provision of the statute the statement of facts should have been filed anyhow by the 19th of June, unless an order was granted extending the time. It was not so filed, nor was it filed until the 10th of October following the adjournment of court on the 17th of September. This delay is not accounted for. The statement of facts as presented in this record can not be considered, and without the evidence before us we can not review the questions suggested for revision.

As this record presents the appeal to us, the judgment must be affirmed, and it is accordingly so ordered.

*Affirmed.*

ON REHEARING.

May 17, 1911.

DAVIDSON, Presiding Judge.—During the present term the judgment herein was affirmed without reference to the statement of facts, inasmuch as that instrument was filed in such manner as not to be authorized to be considered. The motion for rehearing attaches a statement of the trial judge to the effect that the failure to get the statement of facts filed in time arose from no want of diligence on the part of appellant, but was attributable to him as judge of the court on account of various matters which he sets out in his statement. Under this presentation of the matter we are inclined to hold that the statement of facts ought to be considered, and do so hold. The case will now be disposed of with the statement of facts before the court.

1. Appellant contends, in a general way, that the court erred in not charging the law of manslaughter. The exception in the record presenting this matter is found in the motion for new trial in the following language: "The court should have charged on manslaughter." This is found at the close of the second paragraph of the motion for new trial, and then in the third ground of the motion it is stated the court should have given a correct charge to the jury, as raised by the testimony of defendant, concerning the alleged insulting note which was carried to defendant's wife by deceased, Thomas, knowledge of which was conveyed to defendant on the evening before the homicide, and which, if believed by the jury, would reduce the homicide to manslaughter. The extract from the ground of the motion is not sufficient to present the failure of the court to charge on manslaughter. It is too general. See Joseph v. State, 59 Texas Crim. Rep., 82.

In regard to the third clause in the motion for new trial, it may be stated that appellant himself testified that his wife told him that deceased had carried her an insulting note. This is a very general statement. It is shown by the record that the wife was present at the trial but was not placed on the stand by appellant. In addition to all this, appellant himself testified that he had met deceased and had talked with him subsequent to the information he received from his wife, and did not at the time undertake to shoot deceased; that the shooting occurred at a subsequent meeting. This eliminates any question of manslaughter from this view-point. The statutes require the accused, in order to avail himself of the doctrine of manslaughter on account of insulting conduct towards a female relative, to kill either at the time of the insulting conduct, or, he not being present, is informed of that fact, at the first meeting thereafter he must resent the insulting conduct. It can not be done at a subsequent meeting; it must be done at the first meeting.

2. Appellant also criticises the charge in the following language: "The court erred in not charging the jury upon the rights of defendant in preventing deceased Thomas from taking the money of defendant, and that defendant had the right to use such force as to him seemed necessary, viewed from his standpoint, to prevent the taking of the money, all the testimony showing deceased did take defendant's money at the time of the homicide." The evidence shows that on the evening and prior to the homicide appellant was sitting on the gallery and the deceased approached him and took a cigar from his pocket. This angered appellant, and some words ensued in regard to it. Appellant went away, the evidence indicating to his home, got his pistol, returned and had a wordy altercation with deceased in regard to taking his cigar. It may be fairly stated, in the interest of appellant, that deceased said in effect that he would take a cigar or anything that appellant had if he desired to do so. This is not the exact language, but the substance of it as we understand the facts. Appellant then laid the money on the table and dared the deceased to

take it; deceased reached over and got the money, and appellant proceeded to kill him. Just what right appellant would have to kill the deceased under these circumstances it is not asserted in motion for new trial, nor is it made to appear in such manner as would tend to show that he had a right to defend the right to his property. As shown by the testimony, the money was placed on the table as a challenge to deceased to take the money, evidently, from appellant's immediate action, for the purpose of bringing on the difficulty which ended fatally to the deceased. Under those circumstances we are unable to see just where appellant's right of self-defense, in regard to taking the property, arises. If appellant, under this testimony, placed the money on the table in order to have the excuse to do what he did, there is nothing in this to indicate there was any bona fide protection or defense of property. We are of opinion that this ground of the motion for new trial is hardly sufficient to present the question, but if it was, there is nothing to indicate that appellant had any right of self-defense from that standpoint. The motion for a new trial does not set out what appellant's rights were or what law was infringed or omitted by the failure of the court to charge upon the rights of defendant in preventing deceased from taking his money. We are left to conjecture that his theory was defense of property, but it is not sufficiently stated in the motion.

3. There is a general allegation in the motion for a new trial that the charge as a whole is upon the weight of the evidence. This allegation is entirely too general. What part of the charge is on the weight of the evidence is not indicated, but an inspection of the charge does not convince us there is any merit in the contention.

4. Appellant claims the evidence is not sufficient to support the conviction. We are of opinion that it is. There had been trouble between the parties; there was illwill on the part of appellant towards deceased for reasons here not necessary to enumerate. When the cigar was taken appellant became offended at that, and went away and armed himself, returned, threw down the money, and challenged deceased to take it, and upon his reaching out and getting it appellant shot him. The court was correct in charging on this testimony the law applicable to murder in the first degree. The court also correctly charged the law applicable to murder in the second degree, on the theory that wherever there is a doubt as to the character of malice, express or implied, that the doubt should be resolved in favor of the accused, and the law in regard to murder in the second degree given. In this case this finds support in the fact that it may have been a sudden transport of passion that induced the appellant to go and get his pistol and return, and that the mind had not resumed its normal and deliberate condition. As we say, this not only justified, but required the court, we think, to charge the law applicable to the inferior degree of murder, but the evidence was sufficient, we think, to justify the jury

in finding appellant deliberately did the killing. It is unnecessary to state more of the evidence than has been stated in a general way.

Finding no error in the record, the judgment will now be affirmed.

*Affirmed.*

[Rehearing denied June 21, 1911.—Reporter.]