JOHN TEAGUE V. THE STATE.

No. 1649. Decided May 8, 1912.

Rehearing denied June 5, 1912.

**1.—Murder—Continuance—Practice on Appeal.**

The recital in the judgment that a continuance was refused and that defendant excepted will not supply the place of a specific bill of exceptions, and this court will not consider same. Following Gaston v. State, 11 Texas Crim. Rep., 143, and other cases.

**2.—Same—Special Venire—Motion to Quash—Practice on Appeal.**

Where, upon appeal, there appeared in the record a motion to quash the special venire, but no evidence to sustain the grounds alleged in the motion for new trial, and there was no bill of exceptions reserved to the action of the court in overruling the same, the matter can not be reviewed. Following Sharp v. State, 6 Texas Crim. Rep., 657.

**3.—Same—Peremptory Challenges—Bill of Exceptions.**

In the absence of a bill of exceptions, the objection that defendant was required to exhaust his peremptory challenges, and that he should have been granted additional challenges can not be reviewed.

**4.—Same—Bill of Exceptions.**

In the absence of bills of exception to the admission and exclusion of evidence, the matter can not be reviewed on appeal.

**5.—Same—Charge of Court—Manslaughter—Ground of Objection.**

Where defendant's ground of objection in his motion for new trial is that the court erred in his charge to the jury in failing to submit manslaughter, etc., and points out no error in the charge of the court the same is insufficient to present any matter for review. Following Quintana v. State, 29 Texas Crim. App., 401, and other cases. Davidson, Presiding Judge, dissenting.

**6.—Insult to Female Relative—Charge of Court.**

Where, upon trial of murder, the evidence slightly raised the issue of manslaughter with reference to insulting conduct to a female relative, but also showed that defendant's estimate of said relative was such that he must have known that the alleged statement upon which he was presumed to act was true, this would not reduce the grade of offense to manslaughter, and there was no error in the court's failure to charge thereon; especially when considered under article 723, Code Criminal Procedure. Davidson, Presiding Judge, dissenting.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence sustained a conviction of murder in the first degree, the same will not be disturbed on appeal.

**8.—Same—Argument of Counsel.**

Where the grounds of objection to the remarks of the district attorney are not verified by any bill of exceptions, the same can not be considered on appeal.

**9.—Same—Requested Charges.**

A ground of objection that the court erred in refusing the several special charges requested by defendant is too general to be reviewed on appeal.

Appeal from the District Court of Travis. Tried below before the Hon. George Calhoun.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*Warren W. Moore, J. D. Moore, Dickens & Dickens,* for appellant.— On the question of quashing special venire: Hunter v. State, 31 S. W. Rep., 674; Clay v. State, 51 S. W. Rep., 370; Smith v. State, 58 S. W. Rep., 97.

On question of the court's charges: Stapleton v. State, 56 Texas Crim. Rep., 425; Cheatham v. State, 57 Texas Crim. Rep., 442; Nelson v. State, 48 Texas Crim. Rep., 278; Allen v. State, 44 Texas Crim. Rep., 207; Gillespie v. State, 53 Texas Crim. Rep., 168; Stewart v. State, 52 Texas Crim. Rep., 284; Branch Criminal Law, sections 509-512.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with murder, convicted of murder in the first degree, and his punishment assessed at imprisonment for life.

1. In his motion for new trial appellant complains of the action of the court in overruling his application for a continuance. It has been held by this court that a recital in the judgment that a continuance was refused and that defendant excepted, will not supply the place of a specific bill of exceptions, and that if no bill of exceptions is reserved, we will not pass on the question. Gaston v. State, 11 Texas Crim. App., 143; Prater v. State, 15 Texas Crim. App., 363; Bowman v. State, 40 Texas, 9; Taylor v. State, 14 Texas Crim. App., 340, and cases cited in section 645 White's Ann. Proc.

2. The next ground is that the court erred in overruling defendant's motion to quash the jury venire. There is no bill of exceptions in the record. It is true, there are in the record three motions to quash the special venire, sworn to by defendant, but no evidence was introduced to sustain the grounds alleged in the motion in so far as this record discloses. There being no bills of exception reserved to the action of the court in overruling them, it is not presented in a way we would be authorized to review the matter. In the case of Sharp v. State, 6 Texas Crim. App., 657, this court held: "There are, however, other grounds set out in the motion. One is, that the court erred in overruling the defendant's motion for a continuance; another is, that the court erred in refusing to set aside the special venire. These matters will only be inquired into, on appeal, on proper bills of exception; and, finding none such, we are not permitted, under settled rules of practice, to consider them in determining the merits of this appeal." This decision has been followed in an unbroken line of decisions from that day until today.

3. Neither can we consider the grounds alleging that appellant

was required to exhaust peremptory challenges on jurors whom the court held to be qualified but whom the defendant did not think qualified; nor the ground complaining that he should have been granted additional peremptory challenges, there being no bills of exception in the record.

4. The grounds in the motion reading that the court erred in admitting and excluding evidence, as shown by bills of exception from No. —— to No. ——, can not be considered, there being no bills of exception in the record. Sec. 1123 White's Ann. Code of Criminal Procedure.

5. The eighth ground is that the court erred "in its charge to the jury, especially in reference to insanity and drunkenness, etc., and in failing to submit manslaughter." It is seen that this points out no error in the charge on insanity and drunkenness, and is, therefore, insufficient to present any matter for review. (Quintana v. State, 29 Texas Crim. App., 401.) By reference to the charge we find that the court did not submit the issue of manslaughter. However, it has been held by this court that such reference is too general a reference to be considered on appeal. In the case of Mansfield v. State, 62 Texas Crim. Rep., 631, 138 S. W. Rep., 591, this court held, in an opinion by Presiding Judge Davidson:

"Appellant contends, in a general way, that the court erred in not charging the law of manslaughter. The exception in the record presenting this matter is found in the motion for new trial in the following language: 'The court should have charged on manslaughter.' This is found at the close of the second paragraph of the motion for new trial, and then in the third ground of the motion it is stated the court should have given a correct charge to the jury, as raised by the testimony of defendant, concerning the alleged insulting note which was carried to defendant's wife by deceased Thomas, knowledge of which was conveyed to defendant on the evening before the homicide, and which, if believed by the jury, would reduce the homicide to manslaughter. The extract from the ground of the motion is not sufficient to present the failure of the court to charge on manslaughter. It is too general. See Joseph v. State, 59 Texas Crim. Rep., 82, 127 S. W., 171." Luster v. State, 63 Texas Crim. Rep., 541, 141 S. W. Rep., 210.

In this case it may be said there is some evidence that would tend to raise that issue. Deceased had married appellant's oldest sister, and a younger sister, about nineteen years of age was residing with them. Appellant's wife went to the home of deceased, and learned that his (deceased's) wife was away from home, and the younger girl was keeping house for deceased. Appellant's wife says while she was there she saw deceased "chuck" the girl in the side, and they went in the buggy house. That the circumstance to her was suspicious, and upon returning home she told appellant about the wife of deceased being absent, and she thought he ought to take Myrtle (the

young girl) away from the home of deceased, which appellant said he would do. She says she did not tell appellant what she saw take place until Saturday night following, the night he killed deceased. Appellant says his wife told him on Friday night, and he went to the home of deceased to get his sister to move to some other place, and while talking with his sister deceased drew a pistol on him, when he rode away. If he was told of this conduct on Friday he saw deceased twice on Saturday before he killed him, being in deceased's saloon on Saturday evening and at 'his home. If it was on Saturday night when his wife gave him the details it would be on the first meeting, and her testimony is the evidence that slightly raises the issue of manslaughter. However, appellant's sister denies emphatically that any such thing took place, and deceased's wife (appellant's older sister) testifies that some time prior to this appellant come to her home and asked her "Where's all the whores," and when she asked him whom he was talking about, appellant replied Myrtle and Delia. Appellant does not deny thus referring to Myrtle, and if that is the estimate he placed on his own sister and the way he referred to her prior to the killing. certainly his wife telling him that his brother-in-law had "chucked her in the side" and gone into the buggy house with her, could not be said to be adequate cause to reduce the offense to manslaughter. In the case of Redman v. State, 52 Texas Crim. Rep., 596, it was held by this court: "It is not slander or insult to a female relative in contemplation of the statute that authorizes the reduction of homicide to manslaughter where the appellant knows the staement upon which he acts to be true." Thus if appellant's estimate of his sister was that she was a "whore," statements made to him of suspicious circumstances from which one might infer that such person had an opportunity to have sexual intercourse with her would not reduce the grade of offense to manslaughter. The complaint being in such general terms, and the evidence being that appellant referred to her in such terms prior to the homicide, we, perhaps, should not consider it at all, but if we do consider it, it would not present reversible error, for article 723 provides that unless the error is such that it injured appellant it would not be ground for reversal.

6. The next ground of the motion complains that the evidence is insufficient to support the verdict of murder in the first degree. The evidence for the state would show that appellant, on the night of the killing, was walking on Fifth street with his wife and baby, having a Winchester rifle in his hands. When asked what he was going to do with the gun, he said he was going to kill a son-of-a-gun, and then remarked he was joking. He procured a hack and told the driver he wanted to go to South Austin, taking the gun in the hack with him. When asked about the gun he said he had been out hunting. When Mr. Molesworth asked where to drive to, he told him: "You drive until I tell you to stop—I will tell you when I get to the place." The

witness says defendant told him he had had trouble with his brother-in-law and was going to kill him, and "I've got a gun to do it with." Witness says he drove by deceased's place of business, and after doing so appellant had him turn back, and after turning back appellant got out, and told him to take his wife to a hotel, saying he was going to attend to that business by himself. Those in Mr. Gest's (deceased) place of business say that Mr. Gest was sitting with his hands in front of him when a shot was fired from the outside, some saying that just prior to the first shot, and others just after the first shot, appellant or some one said, "Come out here, John." At the first shot deceased fell, the shot striking him in the left side; that appellant then came in the building and shot deceased twice more, once in the left side of the neck, and then in the hip. After shooting Gest three times, he fired at the bartender, who dodged behind the counter. Appellant came to where he could see the bartender and said: "Come out of here, you son-of-a-bitch." Something attracted appellant's attention, and the bartender jumped out of the door and ran, appellant firing at him twice as he ran off. It is shown that appellant and deceased had ill-will towards each other, and such feeling was of long standing. We think the evidence for the State, when taken as a whole, fully sustains the verdict.

Appellant's theory was that he went to see deceased about his sister; that deceased had drawn a pistol on him that evening, and he carried his Winchester because of that fact. That when he went to the saloon he said, "Come out here, John, I want to see you," when deceased made a move as if to draw a weapon and he fired. All the other eye-witnesses say that deceased made no demonstration, but was sitting down talking at the time the first shot was fired. The court presented in a very favorable light to appellant the issue of self-defense, and gave the instructions requested by appellant on that theory of the case.

7. The two grounds in appellant's motion for a new trial complaining of the remarks of the district attorney can not be considered. They are not verified by any bill of exceptions, and in the motion for a new trial it is not stated what the remarks were that were objected to. So nothing is presented to us for a review. Garrett v. State, 37 Texas Crim. Rep., 198, and cases collated in subdivision 3 of sec. 776 White's Ann. Proc.

8. The only other ground is that the court erred "in refusing the several special charges requested by defendant." There were seventeen special charges requested, two of which were given by the court. This reference to them is too general to bring any question before us for review. Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W. Rep., 878, and cases there cited.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied June 5, 1912.—Reporter.]

DAVIDSON, Presiding Judge.—I have followed the rule in the Joseph case. I believe where manslaughter is raised by the facts, and the law not thereto applied at all, a general exception to a failure to charge on that issue is sufficient. The rule might be different where the issue is charged upon but not fully. In the latter case special exception should state reasons. At some time I will write more fully.