### P. A. Stewart v. State.

No. 2238.   Decided January 29, 1913.

Rehearing denied February 26, 1913.

**1.—Local Option—Jury and Jury Law—Oath.**

In the absence of a bill of exceptions, the complaint that the jury were not sworn cannot be considered on appeal.

**2.—Same—Charge of Court—General Objections.**

General objections to the charge of the court without pointing out the error complained of cannot be considered on appeal, although a number of errors thereon are assigned in the brief. Following Ryan v. State, 64 Texas Crim. Rep., 628, and other cases.

**3.—Same—Charge of Court—Invited Error—Burden.**

Where the charge requested and refused was substantially given in the court's main charge, any error arising therefrom cannot be questioned by the party requesting the charge. Following Cornwell v. State, 61 Texas Crim. Rep., 122, and other cases; besides, the charge was not on the burden of proof.

**4.—Same—Motion for New Trial—Practice on Appeal.**

Where appellant, in his brief, complained that the court did not present defendant's defense affirmatively, but no such objection was placed in the motion for new trial, the same could not be considered on appeal, and there was no error under Article 723, Code Criminal Procedure. Following Joseph v. State, 59 Texas Crim. Rep., 82, and other cases.

**5.—Same—Field Notes—County Map—Election.**

Where, upon trial of a violation of the local option law, the defendant complained that the field notes describing the commissioner's precinct in which the local option law was violated did not close, and that, therefore, the local option election was void; yet, where the calls were such in the field notes that anyone on the ground from known marks on the ground could clearly trace the line, there was no such discrepancy as would vitiate the creation of the precinct, and the election was valid. Following Williams v. State, 52 Texas Crim. Rep., 371.

**6.—Same—Requested Charges—Practice on Appeal.**

Without entering into a discussion whether the grounds assigned pointed out specific error in refusing requested charges; yet, looking at the evidence in the record, no issues were raised by the evidence which authorized the submission of the charges requested; and this but illustrated the rule that the motion for a new trial should point out the errors in refusing special charges.

Appeal from the District Court of Potter. Tried below before the Hon. James N. Browning.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

Counsel for appellant took the ground that the failure of the court to give a requested charge is sufficient to bring said refused charge under review without pointing out specifically the error why it should have been given, as the charge itself specifically and pertinently presents the matter of defense raised in the evidence, reviewing Ryan v. State, 64 Texas Crim. Rep., 628, and cases cited in opinion.

*Reeder & Dooley* and *W. F. Ramsey,* for appellant.—On question of the court's charge: Moore v. State, 59 Tex. Crim. Rep., 361, 128 S. W. Rep., 1115.

On question that defendant was entitled to a distinct and affirmative charge on his defensive theories: Freeman v. State, 52 Tex. Crim. Rep., 500, 107 S. W. Rep., 1127.

On question of field notes: Ex Parte Waits, 64 S. W. Rep., 254.

HARPER, JUDGE.—Appellant was prosecuted for selling intoxicating liquor in violation of the prohibition or local option law; convicted, and his punishment assessed at one year confinement in the State penitentiary.

R. L. McMurtry, who is sheriff of Briscoe County, testified that he was in Amarillo and stopped at the Oriental hotel. That he saw appellant and bought a pint of whisky from him, paying him a dollar for it, and identified on this trial the bottle of whisky that he purchased from appellant. That it was whisky is shown beyond question, appellant admitting that it was whisky, but denied he sold it to the sheriff, saying he had given it to him. Appellant testified that McMurtry stopped at his hotel and said he was sick, and wanted a bottle of whisky. That he let him have the whisky, getting it out of a wardrobe in a room of the hotel. He further states that as he handed McMurtry the whisky, McMurtry offered him a dollar, when, to quote his own language: " 'said, 'No, that is all right, that is all right.' He said, 'No, you don't need to be afraid of me.' I said, 'I would not sell a man a bottle of whisky for a thousand dollars.' He took that dollar and throwed it on the bed. I said, 'No, no.' He said, 'Don't be afraid of me.' I said, 'Go on and put it in your pocket' and I turned around to close that door and I doubled a piece of paper to put it over the top of that and when I turned around the money was not on the bed." He later testified that he asked McMurtry to take back the dollar or give him back the whisky, and states that after getting out of jail he found the money on the bed where he claimed McMurtry had thrown it. A deputy sheriff testifies that he searched the room while appellant was in jail, taking off the cover, searching for whisky, and no dollar was on the bed, and McMurtry testified he did not throw the money on the bed but gave it to appellant direct. Appellant's testimony would make it a gift of whisky, while that offered by the State would make it a sale.

The first ground in appellant's motion for new trial complaining that a portion of the jury was not sworn cannot be considered, as such fact, if fact it be, is not verified by any bill of exception, nor in any other way.

The second ground reads as follows: "The court erred in the fourth paragraph of his charge to the jury, wherein he connected the defendant's defense with the State's theory of the case, in this, that, the court instructs the jury in said paragraph four (4), that if they found and believe from the evidence that the defendant, Stewart, furnished and delivered State's witness, McMurtry, intoxicating liquor, but that at the time he so furnished and delivered to said McMurtry such liquor, 'he did not sell the same to said McMurtry, but gave it to him, the defendant would not be guilty,' etc." In the *brief* a number of errors are assigned as to this paragraph of the charge, but under the decisions of this court we cannot consider them. We have copied in full the ground in the motion for new trial, and it will be seen that no error in the charge is pointed out, and it is too late to do so in the brief filed in this court, if error there be. In the case of Mansfield v. State, 62 Tex. Crim. Rep., 631, 138 S. W. Rep., 591, this court held: "Appellant contends, in a general way, that the court erred in not charging the law of manslaughter. The exception in the record presenting this matter is found in the motion for new trial in the following language: 'The court should have charged on manslaughter.' This is found at the close of the second paragraph of the motion for new trial, and then in the third ground of the motion it is stated the court should have given a correct charge to the jury, as raised by the testimony of defendant, concerning the alleged insulting note which was carried to defendant's wife by deceased Thomas, knowledge of which was conveyed to defendant on the evening before the homicide, and which, if believed by the jury, would reduce the homicide to manslaughter. The extract from the ground of the motion is not sufficient to present the failure of the court to charge on manslaughter. It is too general. See Joseph v. State, 59 Tex. Crim. Rep., 82, 127 S. W. Rep., 171."

In Sue v. State, 52 Texas Crim. Rep., 122, this court held: "Various and sundry assignments of error were made by appellant in his motion for new trial to the charge of the court as follows: (Then is copied the paragraph of the court's charge complained of.) Again it is alleged: 'That he erred in all that part of his charge which attempts to define manslaughter as will more fully appear by the court's charge on pages 6 and 7 and in bill of exceptions No. 37, which is as follows: (Then follows a paragraph of the charge.) These complaints of the charge cannot, under the rules of this court, be considered because the complaint is too general. How, or wherein the charge is wrong is not pointed out. To copy a charge and say that the court erred in giving that charge, is not sufficient under the rules of this court."

In Cornwell v. State, 61 Tex. Crim. Rep., 122, 134 S. W. Rep., this court held: "The charge of the court on the issue of provoking the difficulty is complained of in this language: 'The trial court committed error in the twenty-first paragraph of the main charge wherein he attempts to apply the law of provoking a difficulty. The same is not the law, is not clear, and had the effect and was calculated to mislead the jury.' We think these complaints are so general in their character as not to require a review by this court of the matter attempted to be presented. The motion does not point out in what respect the charge was not the law, wherein it was not clear, or how and in what manner it was calculated to mislead the jury. The particular paragraph set out in the brief of counsel for appellant has been condemned by this court, but we are not sure that, taking the charge of the court altogether, even if the motion, with sufficient directness, challenged the charge, it would be ground for a new trial. But it seems clear under the authorities that the complaint is so general as not to be sufficient to require a review at our hands. Pollard v. State, 58 Tex. Crim. Rep., 299, 125 S. W. Rep., 390; Phillips v. State, 59 Tex. Crim. Rep., 534, 128 S. W. Rep., 1100; Roma v. State, 55 Tex. Crim. Rep., 344, 116 S. W. Rep., 598; Holmes v. State, 55 Tex. Crim. Rep., 331, 116 S. W. Rep., 571; Duncan v. State, 55 Tex. Crim. Rep., 168, 115 S. W. Rep., 837."

Many other decisions of the court could be cited, but we have so recently reviewed this question and the reason for the rule, and cited the authorities in Byrd v. State, 151 S. W. Rep., 1068; Ryan v. State, 64 Texas Crim. Rep., 628, 142 S. W. Rep., 878, and Berg v. State, 64 Texas Crim. Rep., 612, 142 S. W. Rep., 884, we do not deem it necessary to do so again.

This paragraph of the court's charge is not copied in the motion in its entirety, but in the brief it is claimed that it shifts the burden of proof upon the defendant. The paragraph is in substance the same as charge No. 2 requested by defendant, and if complained of in a way we could consider it, the error, if error there be in this respect, it was invited by defendant, and under such circumstances he cannot explain. In Cornwell v. State, 61 Tex. Crim. Rep., 122, 134 S. W. Rep., 221, this court held: "Where the charge requested and refused has been substantially given in the court's charge, any error arising therefrom cannot be questioned by the party requesting the charge." In this decision will be found collated a large number of authorities so holding.

However, when we read the paragraph as a whole we do not think it shifts the burden of proof, for in the part not copied in the motion for new trial the court tells the jury "and if you have a reasonable doubt as to whether defendant gave said McMurtry the intoxicating liquor set out in the indictment, you will acquit the defendant."

Grounds three and four in the motion for new trial read: "The court erred in refusing to give in charge to the jury special charge

No. one **(1)** as requested by the defendant herein,'' and fourth, ''The court erred in failing and refusing to give in charge to the jury special charge No. 2 as requested· by the defendant.'' These complaints in the motion are too general. (See authorities above cited.) However, as hereinbefore stated, special charge No. 2 was in substance given in the court's charge, and there is no evidence upon which to base charge No. 1. So if presented in a way we could consider them, there would be no error. However, upon these two general grounds in the motion, there is sought to be assigned in the brief an assignment that the court did not present defendant's defense affirmatively. If the appellant desired to assign any such ground, it should have been placed in the motion for new trial, and there being no such ground in the motion, it cannot be assigned in this court. In Joseph v. State, 59 Tex. Crim. Rep., 82, 127 S. W. Rep., 171, this court held: ''In the absence of a bill of exceptions, or a ground in the motion for new trial urging such defects in a charge, this court is not authorized to reverse a case.'' This has always been the rule in this court since the adoption of Article 723 in its present form, and necessarily so because the Legislature has the right to place such limitations on this court in the matter of an appeal as it deems proper. In the brief there are other assignments not contained in the motion for new trial, but as we are not authorized to consider them under the law, we deem it useless to recite them.

There is, however, one other ground in the motion for new trial being based on the allegation that the field notes describing commissioners precinct No. 1 are deficient, in that the calls do not close, and, therefore, the election is void. A map of Potter County accompanies the record with the commissioners precincts marked thereon, as well as the field notes of the precinct. That portion of the field notes of which complaint is made reads as follows:

''Commissioners Precinct No. one: Beginning at the North corner of Survey No. 107, Block 46 Houston & Texas Central Railroad Co. land; Thence South & West with South bank of Canadian river to the North East corner of Survey No. 32, Block No. 5, G. & M.: Thence South with East line of Survey 32-35, Blk. G. & M. 5, to the the North line of Survey 1 Blk. 4 A. C. H. & B. Thence West with North line of said Survey No. 1 to the N. W. corner of said Survey No. 1,'' etc. There is no contention that the remainder of the field notes do not close and properly describe the territory, but ·to make the contention of appellant plain we copy the following map in the record: (See copy of map on next page.)

It is thus seen that where the field notes call ''thence South with East line of Survey 32-35, Blk. G. & M. 5, to the North line of Survey 1, Blk. 4 A C. H. & B., 55,'' etc., no mention is made of the 93 vara off-set which is shown on the map at S. E. corner of survey 32 and N. E. corner of survey 35, and it is the omission of this call that appellant contends renders the creation of commissioners pre-

Exhibit "B."

cinct No. 1 void, and the orders, etc., for the election on prohibition following these calls, renders the local option election also void. The map would show that the adjoining commissioners precinct also follows these calls. So that if the line of survey 32 should be extended on South without reference to the off-set to the north line of survey one, the territory would be in one of the commissioners precincts as created, and under any construction given these calls no territory would be omitted from a commissioners precinct. However, calling as these field notes do for the east lines of the two surveys, we think the slight off-set would not render the creation of the precinct void, but as the calls were such that any man on the grounds, from the known marks on the ground, could clearly trace the lines, no such discrepancy occurs as would vitiate the creation of the precinct. In the case of Williams v. State, 52 Texas Crim. Rep., 371, in which it was claimed there were some slight discrepancies in the calls of the boundaries, the court held that as the calls were sufficiently definite to mark and make manifest to all parties the territory within the limits, it would hold the calls sufficient, since any intelligent man could readily ascertain the true limits from an inspection. That the courts of this State have always upheld boundaries where a slight discrepancy occurred. No man could be deceived by the slight discrepancy here shown, and we hold that the order creating the precinct is a valid order, and the election properly ordered.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### February 26, 1913.

HARPER, Judge.—Appellant in this case has filed a motion for a new trial and an able brief in which he says:

"Now at this time comes P. A. Stewart, appellant in the above entitled cause, and moves the court to grant him a rehearing herein and set aside and for naught hold the judgment and opinion of this court, entered and rendered herein on January 29, 1913, affirming the judgment of the court below, and moves and prays the court to reverse and remand the case, as in law, in his judgment, it should do, and as grounds of such motion says:

"1. The court erred in refusing to sustain the third ground of his motion for new trial in the court below, to this effect:

" 'The court erred in failing and refusing to give in charge to the jury special charge No. 1, as requested by the defendant herein.'

"2. The court erred in failing and refusing to sustain the fourth ground of his motion for new trial to the following effect:

" 'The court erred in failing and refusing to give in charge to the jury special charge No. 2, as requested by the defendant herein,' For the reason that the charges therein referred to are the law of the case, nowhere given in the court's general charge, and refer and

relate to a phase of the case raised by the testimony, and which are required by law to be submitted to the jury.

"It is the purpose and object of this motion to ask the court to carefully reconsider so much of its opinion as, in substance, holds that the motion for new trial filed in the court below was not sufficiently specific as to bring in review the action of the court in refusing to give in charge to the jury the special instructions above referred to. For the purposes of this argument, we shall assume that the opinion of the court, holding that the complaint of the fourth paragraph of the court's charge was too general, is correct, and that its judgment and conclusion that, if there was error therein the same was invited, is also correct, nor shall we, in this argument, make any question with the court as to the accuracy and correctness of its opinion holding that the slight inaccuracy of description of the precinct in which the election was held did not have the effect to avoid such election."

It is thus seen that the appellant bases this whole motion on the ground that the court erred in not considering those grounds which complained of the failure to give the two special charges requested. Without entering into a discussion of whether or not those grounds are too general, and failed to point out specifically the error, we will consider whether or not the court erred in failing to give the special charges requested. The first special charge reads: "You are instructed that if you believe that defendant intended to give McMurtry the bottle of whisky in question and handed said whisky to McMurtry with that intention and that McMurtry slipped a dollar under a quilt on the bed, without the knowledge and consent or connivance of the defendant, then you will find the defendant not guilty and will by your verdict acquit the defendant."

As said in the original opinion, there was no testimony on which to base this charge. McMurtry's testimony is copied in the original opinion and he says: "I bought a pint of whisky from him there on the day of the 13th in the afternoon. That was on the 13th of February. I paid him a dollar for it. I bought this whisky in a little room southeast of the office or desk right down the aisle there. I saw where he got the whisky from; it was out of a wardrobe on the south side of the room, and I was standing right by him. I received the whisky right there without moving out of my tracks. I paid him right there in the room. He handed the whisky directly to me. I handed him the money right in the same transaction where I got the whisky."

Appellant testified when McMurtry came in the room, 'I handed him the whisky; he took it in his left hand and handed me a dollar. I said, 'No, that is all right; that is all right.' He said: 'No, you don't need to be afraid of me.' I said, 'I would not sell a man a bottle of whisky for a thousand dollars.' He took that dollar and throwed it on the bed."

These are the only two eyewitnesses to the transaction. So it is seen there is no testimony, "that McMurtry slipped a dollar under a quilt without the knowledge of defendant, and it has always been the rule that it is not error to refuse to charge on an issue not made by the testimony.

The next special charge reads: "You are instructed, gentlemen of the jury, that if the defendant P. A. Stewart, intended to give the bottle of whisky to witness McMurtry and with such intention handed the bottle of whisky to witness McMurtry, and McMurtry after receiving the whisky offered to pay defendant for same and defendant refused to accept pay therefor and then defendant requested said witness McMurtry to keep his money or return the whisky to him, and if witness McMurtry refused to return the whisky but threw a dollar on the bed and took the whisky away against defendant's will, the defendant would not be guilty and if you find that the transaction was as detailed above or if you have a reasonable doubt as to whether the transaction was as detailed above, you will acquit the defendant."

The court, in his main charge, instructed the jury: "If you find and believe from the evidence that the defendant P. A. Stewart, did, on or about the 13th day of February, 1912, in commissioner's precinct number one in Potter County, Texas, furnish and deliver to said R. L. McMurtry intoxicating liquor, but that at the time he so furnished and delivered to said McMurtry such liquor, if any, he did not sell the same to McMurtry, but gave it to him, then in that case defendant would not be guilty of the offense charged in the indictment and defined in this charge; and if you have a reasonable doubt as to whether the defendant P. A. Stewart gave said R. L. McMurtry the intoxicating liquor set out in the indictment, on or about the 13th day of February, 1912, in Commissioner's Precinct No. one in Potter County, state of Texas, then and in that case you will acquit the defendant and say by your verdict, 'Not guilty.'

"In all criminal cases the burden of proof is on the State." So it is seen that the issues presented in the special charge were as favorably presented in the court's charge than in the charge requested. The sole issue was, did appellant sell or give McMurtry the whisky. They both testified that McMurtry got the whisky,— the only question was, did McMurtry pay him for it? The charge as a whole, presents the case as favorably, or more favorably to defendant, in the light of the evidence, than the special charge requested.

This case but illustrates why the motion for new trial should state in what way the error was committed in refusing special charges. If appellant had been required to point out wherein the error consisted in refusing special charge No. 1, no such assignment would have been in the motion, and we would not have been compelled to read and re-read the evidence to see if by any construction such a charge was required or even authorized. As to the second special

charge, the court having charged on gift, which issue the evidence raised, if the motion had pointed out wherein appellant thought his special charge No. 2, more aptly and fully presented that issue under the evidence than the charge as given by the court, it would have aided this court and the trial court in passing on that ground. But one who reads special charge No. 2, and the charge of this court as given, copied herein, will see that no jury could have been misled by the difference in wording of the two.

Motion for rehearing is overruled.

*Overruled.*