# MARCH, 1913.

### Will Garrett v. State.

#### No. 2315.   Decided March 5, 1913.

Rehearing denied April 2, 1913.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of murder in the second degree, the evidence sustained the conviction, there was no error.

**2.—Same—Charge of Court—Defensive Theories.**

Where, upon trial of murder, the court submitted to the jury all of defendant's theories of defense, the reasonable doubt, etc., there was no error.

**3.—Same—Charge of Court—Manslaughter—General Objections.**

Where, upon appeal from a conviction of murder in the second degree, the appellant complained in a general way that the court should have charged on manslaughter, the same could not be considered. Besides, the evidence did not raise the issue of manslaughter. Following Mansfield v. State, 62 Texas Crim. Rep., 631, and other cases. Davidson, presiding judge, dissenting.

**4.—Same—Verdict—Words and Phrases.**

Where the appellant complained that the word, "at," between the words, "punishment" and "twenty," was omitted, the verdict was, nevertheless, sufficient.

Appeal from the Criminal District Court of Dallas No. 2.   Tried below before the Hon. Barry Miller.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*A. S. Baskett,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was indicted for murder, convicted of murder in the second degree and his penalty fixed at twenty years in the penitentiary. There is no bill of exception in the record. It is unnecessary to detail the evidence.

From all the evidence the jury were clearly authorized to believe and find appellant guilty of murder in the second degree. It shows

that for some time prior to October 10, 1905, appellant occupied one of the three rooms in the house of Lucinda Jackson, the mother of the deceased; that he worked at night and slept there in the day time. One of the witnesses swears that said deceased slept in that room at night. Whether she did or not, she worked in the day time away from the house and slept at this house at night; that appellant had "kept" her for some time and was very much attached to her; that very recently before the killing another negro man became enamored with her and, it seems, she was about to discard appellant and was taking up with the other negro. One of the witnesses says appellant, all day of the night he killed deceased, had been sitting around the house crying and taking on and saying that Letitia (deceased) had treated him wrong; that she had gone back on him. On that day he borrowed a shotgun, procured shells and loaded it, claiming at the time he was going hunting. He took the gun with him to his room instead, and that night when deceased was entering the room he shot and instantly killed her, her body falling in the doorway. He immediately ran out of the room over her body and hid out all the balance of that night and, at least a part, if not all, of the next day. He claimed that he thought it was the other negro man coming into his room and did not know or think it was the deceased, claiming that said negro man had threatened to kill him and to come to his room for that purpose. He testified to such threats by said other negro man and testified and proved by others also, that the other negro man had repeatedly told him he had to let that woman (deceased) alone.

Among other things, the court specifically told the jury that if they believed the appellant shot deceased, believing at the time he was shooting said other negro, Joe Smith, and accidentally killed deceased, or if they had a reasonable doubt of it, to acquit appellant. Again, that if the jury believed that appellant believed that said Joe Smith was attempting by force to break and enter his room and when he did so, appellant shot and killed deceased, believing that he was shooting at Joe Smith and accidentally killed deceased to acquit him. And, again, that if they believed or had a reasonable doubt that the killing was accidental and that he did not intend to kill deceased and did not shoot, believing he was shooting, or intending to kill her, to find him not guilty. And in passing upon all these questions they were to view the circumstances from defendant's standpoint and as the same reasonably appeared to him at the time.

From all this the jury believed and found, and the evidence would sustain their belief and finding that appellant, because deceased had gone back on him and was taking up with the other negro, purposely planned to kill her and did kill her, knowing at the time it was deceased and not at the time believing or thinking it was the said other negro man. All these things were for the jury and we can not disturb their verdict.

Appellant contends also that the court should have charged on manslaughter. He asked no special charge on that subject. His only complaint is in his motion for new trial as follows: "Because the court erred in not submitting to the jury in his charge the issue of manslaughter, such issue having been raised by the testimony." It has uniformly been held by this court that such an assignment is too general to require this court to pass upon the question. (Mansfield v. State, 62 Texas Crim. Rep., 631; Luster v. State, 63 Texas Crim. Rep., 541; Joseph v. State, 59 Texas Crim. Rep., 82.) But even if we could consider this assignment, after a careful review of the testimony, in our opinion, manslaughter is not raised. The special issues heretofore mentioned, submitted to the jury all the questions along that line that it was necessary or proper for the court to submit.

The evidence in no way raises adequate cause, and without this there can be no manslaughter. The verdict which finds the appellant guilty of murder in the second degree, as charged in the indictment, and "assess his punishment twenty years' confinement in the State penitentiary" is clearly sufficient, even though the word "at" between "punishment" and "twenty" in the quotation above was omitted. Sec. 897, White's Ann. C. C. P.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge.—I agree to affirmance, but if manslaughter had been suggested by the facts, the exception in the motion for new trial sufficiently raised that question.

[Rehearing denied April 2, 1913.—Reporter.]