RUBIO THOMAS v. THE STATE.

No. 5216.  Decided November 27, 1918.

**Murder—Manslaughter—Objections to Charge of Court.**

Where, upon trial of murder, the bills of exception to the refusal of the court to give a charge on manslaughter failed to set out the testimony which raised that issue and, besides, were too general in their nature, and were neither signed nor filed in the proper time, they could not be considered on appeal; besides, the evidence did not raise the issue of manslaughter.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The State's testimony shows that the parties had been playing cards and that defendant shot and killed deceased. The defendant's testimony shows that the deceased would not give up the money which defendant had won in a game of cards, and that defendant then reached for his pistol and demanded the money, a quarrel ensued and that he then shot deceased in self-defense.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, *John H. Crooker,* District Attorney, and *H. H. Cooper,* Assistant District Attorney, for the State.—On question of manslaughter: Summers v. State, 66 Texas Crim. Rep., 551, 148 S. W. Rep., 774; Lamb v. State, 75 Texas Crim. Rep., —, 169 S. W. Rep., 1158.

PRENDERGAST, JUDGE.—Appellant was convicted of murder and his punishment assessed at twenty-five years in the penitentiary.

The evidence has been carefully read. It without doubt was sufficient to show that appellant was guilty of murder as charged in the indictment It did not raise the issue of manslaughter and the court below correctly so ruled. Appellant's testimony alone did raise self-defense which the court submitted fully in his behalf in a correct charge and to which there was no objection.

There is in the record what is styled defendant's objections to the court's charge, which, after giving the style, number of the cause and court, is to the effect, that the defendant before the court's main charge was read to the jury, "excepts to it and the court's refusal to give the requested charge on manslaughter as requested by defendant herein because the issue was properly raised by the testimony adduced on the trial." This is not signed either by the appellant or any attorney for him. It shows to have been filed May 31st but there is no indication that it was ever presented to or acted upon by the court. There is, however, also in the record a charge requested by appellant's attorneys on the subject of manslaughter, but there is no bill of exceptions to the

refusal of the court to give it, and no bill presenting his said exceptions to the court's charge, if it could be considered such. There is nothing in either of these papers which recites in any way any testimony or claimed testimony which would raise the issue of manslaughter. Apparently, if not as a matter of fact, by not taking a bill to these matters or either of them, appellant acquiesced in the court's action.

Besides, the objection to the court's charge, if it could be so considered, as has many times been held by this court, was too general to present any error and so was his requested charge. Mansfield v. State, 62 Texas Crim. Rep., 631; Luster v. State, 63 Texas, 541; Teague v. State, 67 Texas Crim. Rep., 41, 148 S. W. Rep., 1063; Garrett v. State, 69 Texas Crim. Rep., 462, 155 S. W. Rep., 251; Chant v. State, 73 Texas Crim. Rep., 345, 166 S. W. Rep., 513.

Again, it has uniformly been held by this court, as stated by Mr. Branch, that "if the case is either murder or perfect self-defense, it is not error to fail to charge on manslaughter," citing a large number of decisions of this court to that effect. 2 Branch's Ann. P. C., sec. 2014.

The judgment is affirmed.

*Affirmed.*