JOHN L. STREETS V. THE STATE.

No. 23127. Delivered June 28, 1945.

The opinion states the case.

*Z. D. Allen,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Assault with intent to murder without malice is the offense; the punishment, two years in the penitentiary.

According to the State's theory, B. W. Whitaker and his sister, Mrs. Sides, made an assault upon Dr. Johnson. Appellant joined in the assault and, while cursing and threatening to kill, pointed a pistol at close range and snapped it at Dr. Johnson. Interference of bystanders prevented appellant from further

pursuing his efforts to carry out the threat. Such facts are shown by the testimony of Dr. Johnson and three other withnesses. However, Dr. Johnson is the only witness to testify that the pistol snapped. The other witnesses saw him point the pistol and heard the threat but did not hear it snap. The pistol was recovered and the "top shell" showed to have been snapped. The pistol was completely loaded.

Appellant, testifying as a witness in his own behalf, denied having made the assault, as alleged, or having in any manner participated therein. He said that, at·the time, he was seated in and near an automobile parked a short distance away and B. W. Whitaker, Jr., fifteen years of age, was with him. He was corroborated in his defense that he did not make the assault, by the testimony of Mrs. Sides.

It is insisted that the facts are insufficient to support the conviction, because of a lack of intent to kill. In support of this contention, appellant takes the position that, according to the State's testimony—even though there was some interference by the bystanders—such was not sufficient to prevent him from attempting to again fire the pistol after it had snapped and that he had ample and sufficient time and opportunity, before such interference, to have fired the pistol and killed Dr. Johnson after it had snapped, had he desired to do so.

In the case of Duncan v. State, 55 Tex. Cr. R. 168, 115 S. W. 837, the rule is announced that it is not conclusive that an assault was not with intent to murder because it was upon a rash and inconsiderate impulse and the assailant did not follow up his victim, though there was nothing to prevent it. Such rule is deemed applicable here.

Appellant also insists that, if the State's testimony be accepted that he snapped the pistol, such fact shows that he could not by the use made of the pistol have committed a murder and therefore he had neither the means nor the ability to commit murder.

The fact that the pistol failed to fire might have prevented appellant from carrying into execution his intent to kill but proof of such fact, alone could not be said to show a lack of intent to kill or that the pistol was incapable of being fired or that appellant knew that it would not fire at the time of the assault. According to the State's witnesses, appellant was doing

what he could to kill, with that specific intent, when he pulled the trigger of a loaded pistol.

The facts are deemed sufficient to support the conviction.

Appellant filed a first application or motion for continuance on account of the absence of certain witnesses, among which were B. W. Whitaker and B. W. Whitaker, Jr. The application showed on its face that the witnesses were temporarily in the State of California.

By the witness B. W. Whitaker, he expected to prove that appellant took no part in the assault and had no weapon in his hands.

By the witness B. W. Whitaker, Jr., he expected to prove that, at the time of the alleged assault between Dr. Johnson and B. W. Whitaker, appellant remained at the automobile and spoke no word or did no act to or towards Dr. Johnson and at no time had a pistol in his hand. Such testimony would have corroborated appellant's defensive theory.

At the time of the commission of the alleged offense (August 14, 1944), appellant was at liberty as a parolee from the State penitentiary. Soon thereafter the parole was revoked and appellant returned to the penitentiary. The indictment in the case, a copy of which was served on the appellant, was returned about two months thereafter, or on October 16, 1944.

No effort on the part of the State to call the case for trial appears to have been made until a bench warrant was issued and appellant returned to Mitchell County on the 26th day of February, 1945, and his case was set for trial ten days later, on March 8, 1945.

Appellant applied for process for his witnesses on March 5, 1945. The named witnesses being out of the State, such process was unavailing.

In contesting the granting of the motion for a new trial because of the overruling of the motion for a continuance, the State attacks the sufficiency of the diligence on the part of appellant to secure the attendance of his witnesses or to have their testimony before the jury.

In overruling the motion for new trial, the trial court ap-

pears not to have sustained the State's position but to the contrary, according to the bill of exception presenting the matter, certifies that he deemed the absent testimony not material.

As to some of the witnesses named in the motion for continuance, such conclusion was correct but we cannot agree that such is true as to the witnesses B. W. Whitaker and B. W. Whitaker, Jr., for the testimony of said witnesses, especially that of B. W. Whitaker, Jr., supported appellant's defense that he did not participate in the assault but remained at the automobile—a short distance away—during the entire difficulty. Such testimony was material.

In view of appellant's incarceration in the penitentiary, the short time available to him to prepare his defense and secure the testimony of his absent witnesses, the fact that the State did not challenge the statement in the motion for a continuance that the named witnesses were only temporarily out of the State and could be present at the next term of the court, and the disputed issues arising under the facts, we are of the opinion that the trial court should have granted the motion for a continuance or the motion for new trial based thereon.

It follows, then, that the judgment of the trial court is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.