**Harry James JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42912.**

Court of Criminal Appeals of Texas.

July 22, 1970.

Rehearing Denied Oct. 14, 1970.

Vincent C. O'Brien, Houston (court appointed), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Shelly P. Hancock, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., 12 years' confinement in the Texas Department of Corrections.

Alton Stanfield, a night watchman for the Gardner Machinery Corporation, testified that on the date in question, he also looked after the nearby property known as the Planet Motor Sales in Harris County; that at 8:30 p. m., approximately 30 minutes after the Planet Motor Sales closed for business before it was dark, he checked the building and the automobiles; that during the evening he made periodic inspections of the premises.

He related that at 1:30 a. m. (on July 14, 1968) he discovered a window screen "out" on the east side of the building; that he tried the two front doors finding one closed but unlocked and in checking the office observed that a typewriter, radio and an electric adding machine were missing. He called the police.

He further testified that after the police arrived he observed that a screen was on the ground near the window on the south side of the building and that such window, six feet from the ground, was open from the bottom; that a three foot high gas meter directly below such window would enable someone to climb into the window above.

Jim Eaves testified he had care, custody and control of the Planet Motor Sales on the date in question and that entry had been without his consent or permission.

He described the missing adding machine as a Remington Rand electric adding machine which was "a beige, greyish beige" color or "kind of a greyish color" with a plastic top.

Eaves related that two or three days after the alleged offense he called the nearby Dent Office Supply seeking a replacement for the adding machine. Mr. Dent informed Eaves that he had two or three used ones for sale. Eaves testified that one of the machines he saw there appeared to be the one stolen from him and he so informed Dent who said, "Well, it could be. I bought it from a gentleman a few days back. If you got your numbers, go check your numbers and give me a call."

The serial numbers checked and Eaves recovered the adding machine.

Henry Grays, Jr., testified he went to the home of his daughter and his son-in-law, the appellant, at 7:30 a. m. on July 14, 1968, to see if his grandchildren had food; that the appellant inquired of him if he knew anyone who wanted to by an adding machine and he (Grays) stated he would inquire at the church where he worked as an auxiliary deputy sheriff on Sunday mornings.

Grays related that very morning Gus Isum, a deacon at the church, indicated he would buy the machine. Grays then picked up the machine from the appellant personally and delivered it to Isum that afternoon and collected $25.00 which he gave to the appellant. Grays described the adding machine as being an electric type, white or grey in color, "a kind of dull looking color."

Isum acknowledged the purchase of an electric adding machine from Grays which he described as being "kind of a creamish color" though he admitted he was color blind. He testified that the day after the purchase he took the machine to the Dent Office Supply to have a ribbon put on the machine, and when he learned it would cost $15.00 to have the machine cleaned he sold the machine to one of the Dents for $40.00.

G. H. Larue, a Houston police officer, testified he arrested the appellant at his home on August 21, 1968, by virtue of a felony arrest warrant for burglary and "found him in the bathroom on top of the bathtub in the corner."

The appellant did not testify or offer any evidence in his behalf.

The court charged the jury on the law of circumstantial evidence.

■ Appellant first contends the evidence is insufficient to sustain the conviction since the State failed to prove a burglarious entry. He points out that the night watchman Stanfield did not testify as to the condition of the doors or windows when he first inspected the premises on the night in question and that no one testified as to having closed and secured the place of business. While the evidence was not as well developed as it could have been, Stanfield testified he "checked the inventory backwards and forwards" and then walked around and checked the building at 8:30 p. m. and made periodic inspections during the evening and it was not until 1:30 a. m. that he discovered the window screens off, the window open and one door unlocked.

■ The slightest force is sufficient to constitute breaking. It may be by lifting the latch of a door that is shut or by raising a window, or by entry at a chimney or other unusual place. See Article 1394, V.A.P.C.; 10 Tex.Jur.2d, Burglary, Sec. 17, p. 177. And if an entry is made by opening a closed door, it is immaterial whether the door was unlocked or locked. See 10 Tex.Jur.2d, Burglary, Sec. 18, p. 178. A window may or may not be an unusual place of entry, depending on the circumstances, and whether or not a particular place is an unusual place is a question to be determined by the jury. 10 Tex.Jur.2d, Burglary, Sec. 26, p. 186.

In Alexander v. State, 31 Tex.Cr.R. 359, 20 S.W. 756, an entry at a window elevated 5 feet or more above the ground is an unusual place of entry. See also Anthony v. State, 151 Tex.Cr.R. 240, 207 S.W.2d 84.

■ The burglarious entry may be proved by either direct or circumstantial evidence, and we conclude the evidence is sufficient to sustain the jury's verdict.

Next, appellant contends the evidence is insufficient to show that he was the one who made the burglarious entry. The State relies upon evidence that the accused was in possession of a part of the goods stolen from the burglarized premises and was in personal possession thereof relatively soon after the commission of the offense. Adame v. State, Tex.Cr.App., 372 S.W.2d 545; Rodriguez v. State, Tex.Cr.App., 417 S.W.2d 165; Sharp v. State, Tex.Cr.App., 421 S.W.2d 663; 4 Branch's Ann.P.C., 2nd ed., Sec. 2537, p. 866. It is appellant's claim that when the prosecution relies on evidence of possession of stolen goods by an accused to establish his guilt, it must show beyond a reasonable doubt that goods or items in his possession were the identical goods taken from the burglarized house. See 10 Tex.Jur.2d, Burglary, Sec. 89, p. 253.

Appellant urges that the State failed to prove that the machine shown to have been in appellant's possession was the identical adding machine allegedly taken in the burglary. He relies upon Green v. State, Tex.Cr.App., 31 S.W. 386, for the proposition that in such cases the identification of the goods must be positive and upon Oliver v. State, 69 Tex.Cr.App., 153 S.W. 309, which holds that it is not a sufficient identification to show that the goods in the accused's possession were of the same brand stolen.

Here again, we are confronted with the failure of the State to develop the evidence as well as it might have. Neither of the Dents was called to identify the man who sold them the machine which was identified by serial numbers as the stolen machine, nor was the machine exhibited to either Grays or Isum to identify as the machine to which they referred in their testimony.

However, articles in an accused's possession may be identified by circumstantial evidence as well as by direct testimony. If it appears it or they correspond with articles that were stolen, the question may go

to the jury. "Ultimately the question as to whether the property found in the defendant's possession was that taken from the burglarized house is one for the jury's determination." 10 Tex.Jur.2d, Burglary, Sec. 89, pp. 253, 254.

"A burglarious entry of the building having been established, the unexplained possession by the accused of property recently stolen from the premises is generally considered to be sufficient to support a conviction of burglary. The finding of a part of the missing property in the possession of the accused may also support a conviction." 10 Tex.Jur. 2d, Burglary, Sec. 90, p. 254.

We conclude that the evidence, when taken as a whole, and considered in the light of the facts that the allegedly stolen machine was found among the two or three used machines at the Dent Office Supply where Isum had testified he sold the machine (which was traced to the appellant) and that the discovery of the machine there was within 2 or 3 days of the alleged burglary, is sufficient to sustain the jury's verdict.

■ In his third ground of error appellant complains of the State's jury argument at the guilt stage of the proceedings. After the appellant's counsel had commented on the State's failure to offer testimony from someone from the Dent Office Supply Company, State's counsel called the jury's attention to a "Mr. Dent" who stood during "jury selection" and added "He was out in the hall during the taking of the evidence, but I felt that this trial was going very fast and we need fast trials because we have a lot more business we need to take care of this week."

First, it appears the argument was clearly invited and, second, there was no objection addressed to the remarks. Nothing is presented for review. Hughes v. State,

Tex.Cr.App., 433 S.W.2d 698; Piraino v. State, Tex.Cr.App., 415 S.W.2d 416; Spradlin v. State, Tex.Cr.App., 368 S.W.2d 210.

■ Lastly, appellant complains of the following argument made by the prosecutor at the guilt stage of the trial:

"What explanation do you have why this man is in possession of that machine? None. You have no explanation. None. I have an explanation to you why he is in possession of it. My explanation is he stole it in the burglary.

"Now, let's face up to it, ladies and gentlemen, that is the only explanation that has been offered here. He's offered no explanation why he is in possession of it.

"MR. O'BRIEN (Defense counsel): Your Honor, he doesn't have to offer any explanation.

"THE COURT: The jury is charged on the law and they have the court's charge and will follow it."

After the court's remarks the appellant failed to ask for any further relief in the form of a jury instruction or a motion for mistrial.

The court's charge included an instruction on the failure of the appellant to testify and an instruction that any juror who mentioned the same may be in contempt of court. The appellant's father-in-law (Grays) testified that when the appellant gave him the machine he did not ask and appellant did not tell him where the machine came from.

While improper, we do not perceive reversible error in light of the circumstances.

Finding no reversible error, the judgment is affirmed.