**Bobby Joe THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60912.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 20, 1981.

Ted L. Potter, Belton, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Asst. Dist. Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for theft. Punishment was assessed at confinement for ten years. A fine of $5000.00 was also imposed.

Appellant contends that the trial court erred in "receiving evidence that articles in [appellant's] possession were fruits of an extraneous offense [which occurred] subsequent to the case on trial." Appellant's conviction arose from the burglary of a Goodyear Tire Store on January 4, 1978. At trial appellant testified in his own behalf. He stated on cross-examination that at the time of his arrest on the 15th or 16th of February, 1978, he was in possession of four watches. The State then, on rebuttal, established that on February 12, 1978, *subsequent* to the occurrence of the instant offense, the same Goodyear store was again burglarized. The manager of the store testified that a watch recovered from appellant on the day of his arrest was "exactly" like one taken from the store. On cross-examination, however, the manager admitted that several stores carry such Timex watches and that he could not positively identify the watch in question since "he had no proof or serial numbers."

Appellant argues that the introduction of this extraneous matter was error under *Tomlinson v. State*, Tex.Cr.App., 422 S.W.2d 474, since the State did not prove appellant committed the extraneous offense.

Even though evidence of an extraneous offense may be relevant to the instant proceedings, such evidence should not be admitted *unless the commission of the other crime is clearly proved and the accused is shown to be the perpetrator.* *Eanes v. State*, Tex.Cr.App., 546 S.W.2d 312, 315; *Landers v. State*, Tex.Cr.App., 519 S.W.2d 115, 120; *Tomlinson v. State*, Tex.Cr.App., 422 S.W.2d 474.

It is true that the recent, unexplained possession of property taken in a burglary is sufficient to sustain a conviction for burglary. *Ward v. State*, Tex.Cr.App., 581 S.W.2d 164, 168. Under such circumstances the State has "clearly proved" that the possessor of such property is the perpetrator of the offense for the purposes of satisfying the rule of *Eanes v. State*, supra. See *Ward v. State*, supra at 168.

In the instant case, however, the State has failed to establish that the appellant possessed the property taken in the subsequent burglary of the tire store. The State established only that the watches taken from appellant at the time of his arrest were "exactly the type that [the store] carr[ied]." The following was developed on cross-examination:

"Q. Mr. Jez,—

"A. Yes.

"Q. —Is that the Timex watch that was taken?

"A. They are exactly like the ones we carry.

"Q. That isn't my question. Is that the ladies Timex watch that was taken?

"A. I don't have any serial numbers on Timex watches. I have model numbers. The model numbers are the same.

"Q. You don't know whether that's the one that was taken, do you?

"A. I have no proof or no serial numbers there. Any Timex dealer—

"Q. Is there any difference between your Timex watches and Gibson's Timex watches and Eckard's Timex watches, and any other place that sells Timex watches?

"A. As far as I know, they are not.

"Q. A Timex watch can be bought at any place, any of fifty thousand places, at least, in the United States, wouldn't you think?

"A. That's right.

"Q. So there's no way of telling if any of those Timex watches were yours, is that right?

"A. Each assortment has different types Timex, and these are like the ones we carry. I brought a catalogue along that has the type that we carry in it.

"Q. But they could be bought at any place, is that correct?

"A. If they carry the same models, yes, sir. These are the ones Goodyear has selected, and those are types that were in our case.

"Q. These are also sold by other stores, aren't they?

"A. Very possible."

The State argues that the evidence circumstantially shows the watches in appellant's possession were stolen in the extraneous burglary, citing *Jones v. State*, Tex.Cr. App., 458 S.W.2d 89.

In *Jones* the primary offense was proven by reliance on the presumption of guilt arising from unexplained possession of recently stolen property. In that case it was stated:

"[A]rticles in an accused's possession may be identified by circumstantial evidence as well as by direct testimony. If it appears it or they correspond with articles that were stolen, the question may go to the jury. 'Ultimately the question as to whether the property found in the defendant's possession was that taken from the burglarized house is one for the jury's determination.'"

The State apparently relies on this proposition for its argument that proof that appellant possessed Timex watches and that Timex watches of the same models were taken in the extraneous burglary constituted sufficient evidence of appellant's guilt of the extraneous offense to allow it to be heard by the jury. We do not agree. In *Jones* there was evidence that the serial number on the stolen adding machine was the same as that on the one the defendant possessed two or three days after the offense. In this case it was shown appellant possessed four watches of a common brand sold at thousands of stores. It would be pure speculation to surmise that those watches were taken in the extraneous offense.

Our review of the record satisfies us that appellant's claim is meritorious. The State failed to "clearly prove" that he was the perpetrator of the extraneous offense in issue. Reversible error was committed when the trial court permitted the State to introduce evidence of that extraneous matter in the trial of the instant offense. *Eanes v. State*, supra.

The judgment is reversed and the cause remanded.