Donald Eugene WALLACE, Appellant,

v.

The STATE of Texas, Appellee.

No. 68434.

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1983.

Rehearing Denied Oct. 31, 1984.

Gus A. Saper, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece and Chris Hanger, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an appeal from a conviction for attempted capital murder. Punishment was assessed by the jury at twenty years imprisonment in the Texas Department of Corrections and a $5,000 fine. The appellant asserts in three grounds of error that the evidence is insufficient to support his conviction, the trial court erred in failing to charge the jury on the lesser included offense of aggravated assault, and the trial court erred in admitting evidence of extraneous offenses over defense objections. We agree with the appellant's last contention and reverse.

Reviewing the evidence in the light most favorable to the verdict, the record shows that on January 9, 1980, Sgt. Jeffrey Atkins of the Alvin Police Department was in his marked patrol car when he saw the appellant's car fail to stay in a single lane of traffic. When he pulled the car over and asked the appellant for his driver's license, the appellant stated, "I don't have one." The appellant then sped away from the scene. A chase ensued from Alvin toward Houston. At an intersection the appellant lost control of his car and ran off the road into a ditch. Atkins testified that the appellant then exited his vehicle, turned, and at a point approximately ten feet from Sgt. Atkins pointed a "blue steel automatic pistol" at him. Atkins further testified that when the appellant pointed the pistol at him, he could see the appellant's finger on the trigger and he saw the appellant lurch as if he were pulling the trigger. The appellant then turned and ran. Atkins exited his patrol car and told the appellant to stop. When the appellant continued to run, Atkins fired two rounds. The appellant turned again toward Sgt. Atkins and threw the pistol at him.

The State introduced into evidence the unspent round found under the firing pin of the appellant's pistol. Paul Shrecker, a ballistics expert, testified that it showed a small indentation in the primer when it had been struck by the firing pin of the pistol. Shrecker further stated that from a microscopic comparison of a known partial firing pin impression with that mark on the round he formed the conclusion that the impression was caused by the firing pin of the pistol striking the round from the safety notch position.

The evidence was clearly sufficient to support the jury's verdict. The failure of the pistol to fire does not show a lack of intent to kill on the part of the appellant. *Streets v. State*, 148 Tex.Cr.R. 517, 188 S.W.2d 582 (1945); *Watson v. State*, 466 S.W.2d 783 (Tex.Cr.App.1971). The appellant's acts of pointing the pistol at Atkins and his lurching movement, combined with proof that the firing pin had struck the round in the pistol are sufficient to show the appellant's intent to shoot Sgt. Atkins. This ground of error is overruled.

The appellant next contends that the trial court erred in refusing to include his requested charge on the lesser included offense of aggravated assault. The appellant's objection to the charge was overruled by the trial court.

The appellant testified that a passenger in his car, Bobbie Boido, had a pistol which she handed to him before he lost control of the car. He stated that he threw the pistol out of the window of the car before driving into the ditch and that when the car came to a stop he got out and ran without the gun in his possession. He further stated that he did not point a gun at Sgt. Atkins or fire a gun at him. Boido testified that she saw the appellant throw the gun out of the car.

■■■ The law is clear that merely because the lesser included offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising the issue that the accused, if guilty, is guilty only of the lesser offense. *MacBrayer v. State*, 504 S.W.2d 445 (Tex.Cr.App.1974); *Royster v. State*, 622 S.W.2d 442 (Tex.Cr.App.1981). The appellant testified that he did not point or fire a gun at Sgt. Atkins. By his own testimony, the appellant was either guilty of attempted capital murder or guilty of no offense at all. The trial court properly refused to charge the jury on aggravated assault.

■■■ The appellant contends that the trial court erred in allowing evidence of extraneous offenses. Specifically, he argues that State's Exhibit Nos. 4, 5, 6, 7, 8, 18, 25, 27, 28, 29, 30, 31, and 32 (such items being tools, blank keys, vials, and marihuana) were items of evidence which tended to show the commission of extraneous offenses which were not relevant to a material issue in the case. Although the appellant has presented this single ground of error complaining of numerous errors, in the interest of justice we have reviewed the ground and arguments presented.[1]

During the State's examination of Sgt. Atkins, the witness was asked what he had found in the search of appellant's car. Upon the appellant's objection to the admission of such evidence the trial court conducted a hearing outside the presence of the jury. The trial court ruled that the tools found in the trunk could be described and that Sgt. Atkins could testify that he found a leafy substance but not that it was marihuana. Sgt. Atkins proceeded to describe Exhibit Nos. 4, 5, 6, 7, and 18, those being a leather case, two blank keys, a rattail file and handle, and a set of channel lock pliers. Sgt. Atkins further testified that he found a paper bag in the trunk which contained several hypodermic syringes, vials, and a green leafy substance which he believed to be marihuana. The appellant's objections were overruled and State's Exhibit Nos. 4, 5, 6, 7, 8, and 18 were received into evidence.

1. We note initially, however, that only Exhibit No. 25 (two vials containing cocaine and methamphetamine) and Nos. 27–32 (marihuana) were evidence of extraneous offenses.

Horace E. Hamilton, associate director of the Galveston County Forensic Laboratory, was called to testify and identify State's Exhibit Nos. 25, 27, 28, 29, 30, 31, and 32, those items being marihuana and three vials containing cocaine, methamphetamine, and an unknown powder. The appellant's counsel's objections were again overruled and the exhibits were received into evidence.

It is a well established rule that evidence of extraneous offenses will not be received into evidence unless and until there is a clear showing that: (1) the evidence of the extraneous offense is material; (2) the accused participated in the extraneous transaction being offered into evidence, and (3) the relevancy to a material issue outweighs its inflammatory or prejudicial potential. *McCann v. State*, 606 S.W.2d 897 (Tex.Cr. App.1980).

■ The rationale proposed initially by the State for the admission of these exhibits and testimony was that they were evidence of extraneous offenses which would prove the identity of the appellant. However, at no time was the identity of the appellant ever at issue. The marihuana and the controlled substances had no relevance to any issue in the present case. The State urged during closing argument that the possession of the drugs revealed the motive for the appellant's attempt to murder Sgt. Atkins. Likewise, this rationale has no merit. There is no showing by the State that the appellant had care, custody and control of the marihuana, cocaine, and methamphetamine.[2] *Thompson v. State*, 615 S.W.2d 760 (Tex.Cr.App.1981); *McCann*, supra. There can be no doubt that the admission of the evidence and testimony regarding the appellant's possession of the marihuana, cocaine, and methamphetamine was extremely prejudicial.

These items were improperly admitted into evidence. *McCann*, supra; *Stanley v. State*, 606 S.W.2d 918 (Tex.Cr.App.1980); *Sanders v. State*, 604 S.W.2d 108 (Tex.Cr. App.1980).

The judgment of the trial court is reversed and the cause is remanded.

## ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

■ In its motion for rehearing the State reiterates its position that the evidence and testimony concerning the contraband found in the trunk of the car were admissible to establish appellant's motive in attempting to murder Sgt. Adkins.[1]

Because it is relevant as a circumstance tending to prove the commission of the offense, evidence may always be introduced by the State which "fairly tend[s] to raise an inference in favor of the existence of a motive on the part of the accused to commit the alleged offense." *Porter v. State*, 623 S.W.2d 374, 386 (Tex.Cr.App. 1981).

In *Rodriguez v. State*, 486 S.W.2d 355, 358 (Tex.Cr.App.1972), it was observed that "... motive refers to an emotion that would provoke or lead to the commission of a criminal offense. Evidence to show motive is the circumstantial evidence that would appear to cause or produce the emotion. When it is said that evidence going to show motive is admissible, it is meant that the circumstantial evidence is admissible that would appear to cause or produce the emotion that would in turn provoke or incite the commission of the criminal offense. [citations omitted]."

As we understand it, the State's position is that the presence of contraband in the

---

2. The evidence, in fact, revealed that the appellant had two passengers in the car, that the car had been stolen, and that the marihuana and vials were found in a paper bag in the trunk of the car.

1. The indictment charged that appellant "... on or about January 9, 1980, did then and there unlawfully *with intent to commit capital mur-*

*der,* attempt to cause the death of JEFFERY GENE ADKINS, hereafter styled the Complainant, a peace officer in the lawful discharge of an official duty, by intentionally pointing a gun in the direction of the Complainant and pulling the trigger, knowing at the time that the Complainant was a peace officer [emphasis added]."

trunk of the car driven by appellant fairly tends to raise the inference that appellant attempted to kill Sgt. Adkins in order to avoid the discovery of the contraband and the apprehension of appellant for possession thereof.

When the State seeks to invoke an exception to the general rule banning admission of extraneous transactions into evidence, it nevertheless assumes the burden of demonstrating that the proffered evidence is material, that the accused was a participant in the extraneous transaction, and that the probative value of the evidence outweighs its potential prejudicial effect. *Phillips v. State*, 659 S.W.2d 415 (Tex.Cr.App.1983); *McCann v. State*, 606 S.W.2d 897 (Tex.Cr. App.1980).

■ On original submission the State's argument was rejected on the ground that the evidence failed to demonstrate appellant had care, custody and control, ergo possession, of the contraband. The State now argues that "[i]f circumstances were such that it would appear the appellant knew the contraband was in the trunk, it would show a motive for his acts regardless of whether he might be said to have had the care, custody, and control of the contraband." In other words, proof of appellant's knowledge of the presence of the contraband would establish a reason to kill Adkins even if such proof falls short of meeting the legal definition of possession.

The State is correct in its assertion that the evidence does not necessarily have to establish every element of the offense of possession of a controlled substance to fairly tend to suggest a motive on the part of appellant. Whether or not the extraneous fact or transaction rises to the level of an *offense*, however, it is still incumbent on the State to show facts connecting appellant with that extraneous transaction. The evidence must "clearly prove" appellant's knowledge of the contraband in the trunk of the car. *Thompson v. State*, 615 S.W.2d 760, 761–762 (Tex.Cr.App.1981). Otherwise no motive can fairly be inferred.

The trial court conducted a hearing outside the presence of the jury relative to appellant's extraneous offense objection. Sgt. Adkins testified that appellant had two other people in the car when he was stopped, and that the car had been stolen from a Lincoln-Mercury dealership. The contraband was found in a paper sack in the trunk of the car. There was nothing in the paper sack to identify it as belonging to appellant. When appellant took the stand on his own behalf he testified that the car belonged to a friend and that he had had it "off and on" for three weeks. During this time he had the key to the trunk.

The State contends that the fact that appellant possessed the car for three weeks, during which time he had access to the contents of the trunk, provides circumstantial evidence that he knew what the trunk contained. The State did not prove continuous possession of the car for those three weeks. Nor did it show that appellant actually did or ever had reason to go into the trunk of the car. It is clear that such circumstantial evidence would fall short of establishing care, custody or control of the contraband. See *Naquin v. State*, 607 S.W.2d 583 (Tex.Cr.App.1980); *Olguin v. State*, 601 S.W.2d 941 (Tex.Cr. App.1980). We find that such evidence also fails to "clearly prove" appellant knew the contraband was in the trunk of the car. *Thompson*, supra.

Absent such clear proof that appellant knew he carried contraband, it cannot fairly be inferred that appellant attempted to kill Sgt. Adkins in order to prevent its discovery. Therefore, mere proof of the presence of the marihuana and the three vials containing cocaine, methamphetamine and an unknown powder had no probative value whatsoever. Such evidence should not have been admitted.

The State's motion for rehearing is denied.

McCORMICK and MILLER, JJ., dissent.