**Edward PRENDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–88–00661–CR.**

Court of Appeals of Texas,
San Antonio.

March 7, 1990.

Jody Tullos, Houston, for appellant.

Fred G. Rodriguez, Margaret Embry, Martina Barrera, Laurie Booras, Criminal Dist. Attys., San Antonio, for appellee.

Before BUTTS, CHAPA and PEEPLES, JJ.

OPINION

CHAPA, Justice.

Appellant Edward Prendez, appeals his jury conviction for the offense of Aggrava-

ted Sexual Assault. The trial court assessed punishment at ninety nine (99) years confinement. The issues before this court are whether:

1) the trial judge erred in admitting into evidence alleged extraneous offenses of retaliation; and

2) appellant's defense counsel rendered ineffective assistance of counsel by permitting appellant's motion for new trial to be denied by operation of law without a hearing. We affirm.

Appellant was tried by an indictment alleging aggravated sexual assault, burglary of a habitation, and retaliation based on appellant's actions in writing upon the victim's body the words "Drop Charges". The prosecution abandoned the retaliation count of the indictment prior to reading the indictment. Appellant then requested "the Court to instruct the district attorney and all the witnesses not to testify as to any of the elements of count three." The request was denied, and the trial proceeded.

■ Initially, appellant complains that the court erred in admitting "evidence of numerous extraneous offenses including: (1) multiple harassing phone calls between December 25 and January 11, 1988; (2) the appearance of an individual identified as the appellant at the complainant's home on December 26, 1987; (3) the appearance of an individual identified as the appellant near complainant's home, at which time the complainant shot at the individual; (4) the attempted burglary of complainant's [sic] by an unidentified person; (5) the attempted shooting of complainant's husband by an unknown individual; and (6) the finding of 3 letters written to complainant, one of which returned her stolen watch."

A review of the record discloses that appellant failed to object at the time the evidence was presented, to any of the evidence he now complains of on appeal. In oral argument before this court, appellant contends for the first time that his request for "the Court to instruct the district attorney and all the witnesses not to testify as to any of the elements of count three" at the beginning of the trial, after the prosecution had dropped count three, sufficiently

preserved error throughout the trial. However, we note that appellant's request was clearly directed at the retaliation allegation pertaining to the writing of "Drop Charges" on the body of the complainant, which is not one of the alleged extraneous offenses complained of on appeal. An appellant "must object every time allegedly inadmissible evidence is offered", *Hudson v. State,* 675 S.W.2d 507, 511 (Tex.Crim. App.1984), and when "the challenge on appeal does not comport with the objection at trial, nothing is presented for review." *Nichols v. State,* 754 S.W.2d 185, 200 (Tex. Crim.App.1988) (en banc), *cert. denied,* —— U.S. ——, 109 S.Ct. 819, 102 L.Ed.2d 808 (1989).

Appellant misplaces his reliance on *Thompson v. State,* 615 S.W.2d 760 (Tex. Crim.App.1981). Unlike the case at bar, *Thompson* does not involve the failure of appellant to make timely objections during the trial, nor does it involve an objection on appeal that does not conform with the objection during trial. The point is rejected.

■ In his final point of error, appellant contends that his trial counsel rendered ineffective assistance by failing to obtain a timely hearing for his motion for new trial, which resulted in the motion being overruled by operation of law.

The Texas Court of Criminal Appeals, in *Holland v. State,* 761 S.W.2d 307 (Tex. Crim.App.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989), reiterated the standard of review of such cases, stating:

In *Hernandez v. State,* 726 S.W.2d 53 (Tex.Cr.App.1986), this Court adopted as the litmus test to determine the validity of an effective assistance claim the standard handed down two years earlier by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland, supra,* the Supreme Court held that in order to show ineffective assistance, a convicted defendant must (1) show his trial counsel's performance was deficient, in that counsel made such serious errors he was not functioning

effectively as counsel, and (2) show that the deficient performance prejudiced the defense to such a degree that appellant was deprived of a fair trial. In this context, "prejudice" is demonstrated when the convicted defendant shows a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* 104 S.Ct. at 2068....

*Holland v. State* at 314.

Appellant contends that he filed a timely motion for new trial alleging three grounds: "(1) that the State withheld exculpatory evidence during the trial (fingerprints); (2) that the State presented a photograph of Appellant, representing that Appellant looked the same as he did on the date of the offense, thereby creating a false impression to the jury; and (3) that the State committed error during final argument." However, no hearing was timely held and the motion was overruled by operation of law. Appellant contends that the failure of his counsel to obtain a timely hearing alone constitutes ineffective assistance of counsel and requires a reversal.

Initially, we note that appellant erroneously relies on the standard of review enunciated by the Texas Court of Criminal Appeals in *Ex Parte Cruz*, 739 S.W.2d 53 (Tex.Crim.App.1987) (en banc), where the appellant's ineffective assistance "complaint deal[t] with the punishment or sentencing phase of his trial" in a non-capital case. *Id.* at 58. Although the court did set out a different standard of review under such circumstances, the court made it clear that this was made possible by the language of the *Strickland* decision, thereby clearly indicating that the court did not intend to abandon the two-prong test set out in *Strickland* when dealing with ineffective assistance during the remainder of the trial.

This record reflects that appellant "pray[ed] for a new trial" in his motion for new trial. All indications in this record, in appellant's motion for a new trial, and in appellant's appellate brief are that appellant was at all times seeking only a new trial on the merits, rather than a rehearing on the punishment alone. Further, the allegations in the motion for new trial are not limited to the sentencing phase of the trial but address complaints during the trial on the merits. We hold that because these ineffective assistance complaints do not deal only with the sentencing phase of the trial, the two-prong test set out in *Strickland* applies and appellant has the burdens therein prescribed. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2068.

■ Initially, we note that appellant's improper jury argument complaint in his motion for new trial is not an appropriate ground for new trial and would not have been available to him with or without a hearing. TEX.R.APP.P. 30(b). With regard to the remaining two grounds alleged in the motion for new trial, appellant suggests that they fall in either ground number five of the Rule, which deals with "evidence tending to establish the innocence of the accused [which] has been intentionally destroyed or withheld preventing its production at trial," or ground number six, which deals with "new evidence favorable to the accused [which] has been discovered since trial." TEX.R.APP.P. 30(b). However, appellant has failed to sufficiently show, either in the motion for new trial or in his appellate brief, that either of these complaints fall clearly within either ground (5) or (6) of the Rule. TEX.R.APP.P. 30(b). Nevertheless, appellant has made no effort in his brief before this court to "show a reasonable probability that but for counsel's unprofessional error [failing to set the motion for new trial for a timely hearing], the result of the proceeding would have been different". *Holland v. State*, 761 S.W.2d at 314. There is nothing in appellant's appellate brief to indicate what fingerprints were withheld by the state, whose fingerprints they were, or how they were in fact exculpatory. Likewise, appellant's brief also fails to show in what way the photograph of appellant that was attached to the motion for new trial would have caused a different result. The record clearly shows that Exhibit 34 (the photograph admitted into evidence) was properly admitted after a proper predicate was laid

by the prosecution. Further, appellant did not make an objection to the introduction of Exhibit 34 at all, but merely "respectfully request[ed]" that the photographer be brought to court to determine the date of the taking, which does not preserve error. *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex. Crim.App.1985) (en banc). Moreover, this is not an assigned point of error in this appeal.

Therefore, appellant has failed in his burden of establishing the second prong of the *Strickland* test by showing that but for his counsel's failure, there is a reasonable probability that the result would have been different; thus, appellant has failed to show ineffective assistance of counsel.

The judgment is affirmed.