**The STATE of Texas, Appellant,**

**v.**

**Jolie Michelle HOWARD, Appellee.**

**No. 3–91–423–CR.**

Court of Appeals of Texas, Austin.

Oct. 7, 1992.

---

sessed punishment at thirty days' confinement and a one thousand dollar fine. Both the confinement and fine were probated. The State brings this appeal as a result of the court's action in granting the appellee's motion for new trial. *See* Tex.Code Crim. Proc.Ann. art. 44.01 (West Supp.1992).

In its first point of error, the State asserts that the court's action in granting the appellee's motion for new trial is void because the trial court had no jurisdiction to grant a new trial based on the State's alleged improper jury argument. In its remaining point of error, the State contends that the court abused its discretion in granting appellee's motion for new trial. We overrule the State's points of error and affirm the order of the trial court granting appellee's motion for new trial.

The trial court granted appellee's motion for new trial as a result of the prosecutor's argument at the guilt-innocence stage of the trial. The prosecutor argued:

> Now, Jolie [appellee] didn't have to testify. She did not have to put on a defense. But the truth of the matter is that you never heard a lot of reasons that were discussed in voir dire and a lot of reasons that were discussed in other parts of the trial is while people—.

Appellee's objection that the prosecutor's argument was a comment on the defendant's failure to testify was overruled.

■ In its first point of error, the State urges that the trial court was without jurisdiction to grant a motion for new trial in this cause in that the court sought to exercise the duty and authority expressly granted to the courts of appeals as part of their appellate jurisdiction.

It is undisputed that the appellee timely filed her motion for new trial. *See* Tex. R.App. P. 31. Clearly, the court had jurisdiction of the parties and the offense. In *Moore v. State,* 749 S.W.2d 54 (Tex.Crim. App.1988), the issue before the court was

Ken Oden, County Atty., Giselle Horton, Asst. County Atty., Austin, for appellant.

Christopher M. Gunter, Austin, for appellee.

Before JONES, KIDD and DAVIS,* JJ.

DAVIS, Justice.

After the jury found appellee guilty of the misdemeanor offense of driving while intoxicated, Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (West Supp.1992), the court as-

---

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

Tex.Gov't Code Ann. § 74.003(b) (West 1988).

the correctness of the trial court's ruling on a motion for new trial. The court stated, *"[L]ack of jurisdiction and the improper exercise of jurisdiction are vitally different concepts. If a court has jurisdiction* of the parties and subject matter, *its determination of* the controversy *is not void no matter how erroneous the decision may be." Moore,* 749 S.W.2d at 57 n. 4 (emphasis in original). We hold that the court had jurisdiction to consider appellee's motion for new trial. The State's first point of error is overruled.

In its second point of error, the State asserts that the trial court abused its discretion because: (1) the appellee failed to state a claim upon which relief could be granted; (2) the argument of the prosecutor did not constitute a comment on the appellee's failure to testify, and (3) if it did, the comment was not harmful.

In *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990), the court articulated a standard for determining when a trial court abuses its discretion.

> The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. Another way of stating the test is whether the act was arbitrary or unreasonable. The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred.
>
> Thus, judicial rulings will be affirmed if the trial court follows the appropriate analysis and balancing factors, though the appellate court might disagree with the weight given to those individual factors. In short, a trial court judge is given a "limited right to be wrong," so long as the result is not reached in an arbitrary or capricious manner.

(Citations omitted).

The State cites *Prendez v. State,* 786 S.W.2d 99 (Tex.App.—San Antonio 1990, no pet.), as authority for its position that improper jury argument is not a basis for granting a motion for new trial. In addition to defendant's other alleged errors was a claim of improper argument by the prosecutor. The court rejected defendant's claim of ineffective counsel because the defendant failed to demonstrate there was a reasonable possibility that he could have prevailed on the motion but for defense counsel's failure. With respect to the complained-about improper jury argument, the court, without citation of authority, stated this was not an appropriate ground for a new trial under Tex.R.App.P. 30(b).

We are not persuaded by the statement of the court in *Prendez* that improper jury argument is not an appropriate ground for a new trial. Comment on a defendant's failure to testify is prohibited by both the federal and state constitutions. *See* U.S. Const. Amend. V; Tex. Const. art. I, § 10; *see also* Tex.Code Crim.Proc.Ann. art. 38.08 (West 1979). In *Johnson v. State,* 611 S.W.2d 649, 651 (Tex.Crim.App.1981), the trial court erred in failing to grant a mistrial based on the prosecutor's comment on the defendant's failure to testify. We reject the State's argument that improper jury argument cannot be considered in a motion for new trial.

The State also contends that the appellee did not urge any reason set forth in Tex.R.App.P. 30 for granting a new trial. Rule 30 provides in pertinent part:

> (b) **Grounds.** A new trial shall be granted an accused for the following reasons:
>
> (2) Where the court has misdirected the jury as to the law or has committed some other material error calculated to injure the rights of the accused.

Appellee's motion for new trial included the complained-of improper argument, the fact that appellee's objection was overruled and an assertion that the "trial court committed an error material to the defense and injurious to the rights of the defendant." We believe there was sufficient compliance

with Rule 30 without the inclusion of the term "calculated" in appellee's motion for new trial. The core issue is whether the prosecutor's comment constituted a comment on the appellee's failure to testify. The test to be applied to determine whether there has been a violation by a prosecuting attorney is whether the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the accused's failure to testify. *See Lopez v. State,* 793 S.W.2d 738, 741 (Tex.App.—Austin 1990), *pet. dism'd,* 810 S.W.2d 401 (Tex. Crim.App.1991).

 In determining whether there has been a comment on the accused's failure to testify, we must consider the context in which the argument is made. *Bird v. State,* 527 S.W.2d 891, 894 (Tex.Crim.App. 1975). The State calls our attention to the fact that the prosecutor had not finished his argument at the time of appellee's objection. Following the objection, the prosecutor argued that appellee could have called the people who were with her "to exonerate her." A comment on a defendant's failure to introduce testimony is permissible so long as the unproduced evidence is not evidence to which only the defendant could have testified. *Cook v. State,* 702 S.W.2d 597, 600 (Tex.Crim.App. 1984). Moreover, there is no error in stating that a defendant does not have to testify.

 The focal point of our inquiry is whether the jury would have concluded that the portion of the prosecutor's argument directed to the jury having "heard a lot of reasons that were discussed in voir dire and a lot of reasons that were discussed in other parts of the trial" was a comment on the appellee's failure to testify. The appellee did not offer any testimony at trial. A review of the voir dire reflects that the *reasons* discussed at this stage of the trial concerned why the appellee refused to take a breath test and why she did not testify. These were not isolated references, but were the subject of counsels' statements on several occasions during voir dire.

As noted, in our analysis of whether the court erred, we must determine whether the court abused its discretion in granting the appellee's motion for new trial. We conclude that the trial court did not abuse its discretion in finding that the prosecutor's argument constituted a comment on the appellee's failure to testify. The *reasons* appellee did not take a breath test and elected not to testify were of such a character that the jury would naturally and necessarily take it to be a comment on the appellee's failure to testify

 The State contends that the prosecutor's argument was not harmful. We disagree. A comment on the defendant's failure to testify is often not cured where the court has sustained the objection and given the jury an instruction to disregard. *Jones v. State,* 693 S.W.2d 406, 407 (Tex. Crim.App.1985); *Owen v. State,* 656 S.W.2d 458, 459 (Tex.Crim.App.1983). In the instant cause the appellee's objection was overruled and no curative instruction was given the jury. We reject the State's contention that the argument was not harmful. The State's second point of error is overruled.

The order of the trial court granting appellee's motion for new trial is affirmed.